# Matter of V-K-, Respondent

*Decided May 8, 2008*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Board of Immigration Appeals reviews de novo an Immigration Judge's prediction or finding regarding the likelihood that an alien will be tortured, because it relates to whether the ultimate statutory requirement for establishing eligibility for relief from removal has been met and is therefore a mixed question of law and fact, or a question of judgment.

FOR RESPONDENT: Thomas E. Moseley, Esquire, Newark, New Jersey

FOR THE DEPARTMENT OF HOMELAND SECURITY: Bruce B. Dizengoff, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU, COLE, and PAULEY, Board Members.

PAULEY, Board Member:

In a decision dated April 27, 2004, an Immigration Judge granted the respondent's request for deferral of removal under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46. 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture"). The Department of Homeland Security ("DHS") appealed the decision of the Immigration Judge.[1] On August 4, 2006, we sustained the DHS's appeal and ordered the respondent removed from the United States to Ukraine. The respondent appealed our decision to the United States Court of Appeals for the Third Circuit, in whose jurisdiction this case arises.

On September 10, 2007, the Third Circuit granted the Government's unopposed motion to remand proceedings to the Board. In its remand, the Third Circuit instructed us to specify whether we had the authority under 8 C.F.R. § 1003.1(d)(3) to reverse the Immigration Judge's determination that "'there [was] a preponderance of evidence in the record leading to a justification for a clear probability finding that this particular respondent, as

---

[1] We note that this case involved additional proceedings relating to questions of the respondent's removability that are not relevant to the issues discussed in this decision.

a Jewish refugee from the former Soviet Union generally, and the Ukraine specifically, is likely to be targeted at least in part, by both governmental and non-governmental entities within the Ukraine should he be removed to that country . . . [and that such mistreatment will rise to the level of torture].'" In addition, the court asked us to specify whether we had authority to affirmatively find that the petitioner had failed to show a clear probability that he would be tortured if he returned to Ukraine or that the torture would occur by or with the acquiescence of government officials.

In his decision, the Immigration Judge credited the testimony of the respondent's expert witness that the respondent "is likely to need to come into contact with governmental entities and is likely to be a target for extortion and mistreatment that is likely to rise to the level of torture." We now clarify that while we reviewed the Immigration Judge's factual rulings for clear error, we do not consider a prediction of the probability of future torture to be a ruling of "fact." Although predictions of future events may in part be derived from "facts," they are not the sort of "[f]acts determined by the Immigration Judge" that can only be reviewed for clear error. 8 C.F.R. § 1003.1(d)(3)(i) (2008).

According to the regulations prescribing the Board's scope of review, facts found by an Immigration Judge can be reviewed only to determine if they are "clearly erroneous," but the Board "may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges *de novo*." 8 C.F.R. §§ 1003.1(d)(3)(i)-(ii). Furthermore, the regulatory history surrounding the regulations, which were promulgated in 2002, indicates that there was no intent to apply the restrictive "clearly erroneous" test to mixed questions of fact and law where the so-called "fact" consists of a finding as to the degree of possibility of a result occurring that is necessary to sustain a statutory basis for eligibility (e.g., the extent of hardship or the chance of persecution or torture if the alien is removed). Board of Immigration Appeals: Procedural Reforms To Improve Case Management, 67 Fed. Reg. 54,878 (Aug. 26, 2002). The comments accompanying the regulations explain, for example, that "[t]he 'clearly erroneous' standard does not apply to determinations of matters of law, nor to the application of legal standards, in the exercise of judgment or discretion. This includes judgments as to whether the facts established by a particular alien amount to 'past persecution' or a 'well founded fear of persecution.'" *Id.* at 54,890 (Supplementary Information). Accordingly, we conclude that an Immigration Judge's prediction or finding regarding the likelihood that an alien will be tortured may be reviewed de novo because, like a conclusion relating to whether a statutorily prescribed chance of persecution or level of hardship

exists, it relates to whether the ultimate statutory requirement for establishing eligibility for relief was met and is therefore a mixed question of fact and law, or a question of "judgment." 8 C.F.R. § 1003.1(d)(3)(ii).[2]

In reviewing the record, we disagreed with the Immigration Judge's mixed factual and legal determination that a preponderance of the evidence showed that it was more likely than not that the respondent would be tortured in the Ukraine, as that term has been interpreted by Board and Third Circuit case law. In so doing, we did not find any facts ourselves but only assessed the facts as found by the Immigration Judge and established by the evidence entered into the record, determining that they were insufficient to meet the respondent's burden of proof for protection under the Convention Against Torture. We believe that we acted in accordance with the relevant regulations and our role as an appellate body. 8 C.F.R. § 1003.1(d)(3). Indeed, it would appear essential to the performance of our appellate function as contemplated by the Attorney General that we possess the authority to review de novo findings deemed by an Immigration Judge to satisfy an ultimate statutory standard.

Accordingly, upon clarification of our prior decision, we will again sustain the DHS's appeal, dismiss the respondent's appeal, and order the respondent removed from the United States.

**ORDER:** The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER**: The respondent's appeal is dismissed.

**FURTHER ORDER**: The respondent is ordered removed from the United States to Ukraine.

---

[2] The fact that the Immigration Judge's prediction derived from his acceptance of an expert witness's testimony does not affect its nature as a prediction relating to whether an ultimate legal standard, here the likelihood of torture, has been met. Indeed, our conclusion that a de novo standard applies here is supported by the nature of expert witness opinion evidence itself. As reflected in Rule 702 of the Federal Rules of Evidence, such expert opinion testimony, while undoubtedly a form of evidence, does not purport to be evidence as to "fact" but rather is admissible only if "it will assist the trier of fact to understand the evidence or to determine a fact in issue."