JIA LI CHEN, Petitioner,

v.

Michael B. MUKASEY,* Respondent.

No. 07–5095–ag.

United States Court of Appeals, Second Circuit.

Sept. 24, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter Keisler as the respondent in this case.

Joshua Bardavid, of Counsel to Law Office of Jan Potemkin, New York, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Scott Rempell, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Petitioner Jia Li Chen, a native and citizen of the People's Republic of China, seeks review of an October 18, 2007 order of the BIA denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Li Chen*, No. A97 152 445 (B.I.A. Oct. 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As a preliminary matter, we deem Chen's CAT claim abandoned, as he fails to raise it in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When, as here, the BIA does not adopt the decision of the IJ in any respect, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Passi v. Mukasey,* 535 F.3d 98, 101 (2d Cir.2008).

For all appeals filed after September 25, 2002, the BIA may not engage in independent fact-finding or conduct a *de novo* review of the IJ's factual findings. *See* 8 C.F.R. § 1003.1(d)(3)(i), (iv). However, the BIA is authorized to review "questions of law, discretion, and judgment from decisions of immigration judges *de novo.*" 8 C.F.R. § 1003.1(d)(3)(ii).

We conclude that the BIA did not conduct independent fact-finding in determining that Chen failed to establish "other resistance" to the family planning policy. Rather, it assumed the truth of the facts that Chen himself had proffered and found them insufficient to establish "other resistance." Such review, requiring the BIA to apply a legal standard to a set of uncontested facts, was permissible under the regulations. *See* 8 C.F.R.

§ 1003.1(d)(3)(ii); *Matter of A–S–B–,* 24 I. & N. Dec. 493, 497 (BIA 2008); *see also Matter of V–K–,* 24 I. & N. Dec. 500, 501–02 (BIA 2008).

Nevertheless, Chen testified that he attempted to deceive the Chinese authorities and "told them that my wife would be sterilized and I ran away the next day," and argues that such actions constituted "other resistance" to the family planning policy. In *Matter of S–L–L–,* the BIA held that an applicant claiming persecution for "other resistance" must demonstrate: (1) "resistance" to a coercive family planning policy, which can "cover[ ] a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law"; and (2) that the applicant has "suffered harm amounting to persecution on account of that resistance." 24 I & N. Dec. 1, 10–11 (BIA 2006), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 309–10 (2d Cir.2007) (*"Shi Liang Lin II"*). Thus, an individual whose spouse or partner has been subjected to a forced abortion or involuntary sterilization can qualify for "refugee" status under the BIA's interpretation if that individual can prove past persecution or a fear of future persecution for "resistance" that is directly related to his or her own opposition to a coercive family planning policy. *See Shi Liang Lin II,* 494 F.3d at 313. Here, Chen was required to show that he has suffered persecution in the past or has a fear of future persecution on account of his alleged lie to the authorities and his subsequent flight. *See id.* His failure to make this showing proves fatal to his other resistance claim. Chen does not identify any portion of his testimony or his written submissions asserting that the Chinese authorities contin-

ue to seek his arrest on account of his "other resistance." Nevertheless, he argues, "There would be no reason for this testimony to be developed or expanded at the hearing or in the record, because at the time of the hearing," he could establish eligibility for asylum based solely on his wife's forced sterilization. However, Chen's brief to the BIA indicates that there is no need to develop the record more fully, where he effectively acknowledged that his wife's forced sterilization erased any fear of persecution that he may have had as a result of his resistance to the authorities: "After the forced sterilization, there was no need to hide." In light of that disavowal, the BIA did not err in denying Chen's family planning claim because it was based solely on his wife's forced sterilization. *See Shi Liang Lin II*, 494 F.3d at 313; *Gui Yin Liu v. I.N.S.*, 508 F.3d 716, 723 (2d Cir.2007) (finding that claims based solely on a spouse's forced sterilization are "doomed").

■ Chen asserts that the BIA's decision was *ultra vires* and that it "should have determined whether [his] evidence presented was sufficient and credible to establish eligibility for [the] relief sought under the law at the time of the prior hearing." This argument is unavailing, as courts are bound "to apply a rule of federal law retroactively after the case announcing the rule has already done so" in all cases still open on direct review. *See Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97–98, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993). The BIA was therefore bound to apply *Shi Liang Lin II* to Chen's case, even though his merits hearing predated that case.

■ Chen further argues that he was denied due process of law because the BIA did not afford him the opportunity to submit written briefs or present additional evidence in light of the change in the law

established by *Shi Liang Lin II*. In order to prevail on a claim alleging the denial of due process, an individual in removal proceedings must "allege some cognizable prejudice fairly attributable to the challenged process." *Garcia–Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir.2008) (*quoting Lattab v. Ashcroft*, 384 F.3d 8, 20 (1st Cir.2004)). Here, Chen does not demonstrate that a new hearing or additional evidence would have changed the result in his case, as he has already acknowledged that "there was no need to hide" from the authorities after his wife was sterilized. Because Chen has not shown that he was prejudiced by the BIA's actions, his due process claim fails. *See Garcia–Villeda*, 531 F.3d at 149.

■ Given that Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).