Lin v. Holder

BIA
Balasquide, IJ
A099 668 404

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of March, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges*.

───────────────────────────────────

JUAN LIN,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

09-2394-ag
NAC

───────────────────────────────────

FOR PETITIONER:      Gary Yerman, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General, Civil Division; Susan K.
                     Houser, Senior Litigation Counsel;
                     Francis W. Fraser, Senior Litigation
                     Counsel, Office of Immigration
                     Litigation, United States Department
                     of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Juan Lin, a native and citizen of the People's Republic of China, seeks review of a May 12, 2009, order of the BIA, affirming the June 27, 2007, decision of Immigration Judge ("IJ") Javier Balasquide, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juan Lin*, No. A099 668 404 (B.I.A. May 12, 2009), *aff'g* No. A099 668 404 (Immig. Ct. N.Y. City June 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

We find no error in the BIA's holding that Lin failed to establish an objectively reasonable fear of persecution, even assuming Lin's credibility and that she established that she practices Christianity in this country. Contrary to Lin's argument, the BIA did not conduct impermissible *de novo* review of the IJ's factual findings. Rather, the BIA found, based on the evidence of record, and assuming the facts as she had alleged them, that Lin was not eligible for relief. The BIA's analysis in that regard was a permissible eligibility determination. *See* 8 C.F.R. § 1003.1(d)(3); *Matter of V-K-*, 24 I.&.N. Dec. 500, 501 (BIA 2008).

Moreover, the BIA's eligibility determination was not erroneous. Lin testified that although she did not know any Christians who had been persecuted in China, she feared persecution because she intended to join an underground church if she returns to that country. After weighing that testimony and the country conditions evidence in the record, the BIA reasonably determined that she failed to establish an objectively reasonable fear of persecution. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128-29 (2d Cir. 2005)

2

(holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best."); *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (holding that to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware or likely to become aware of his activities).

Because Lin was unable to establish the objective likelihood of persecution required to meet her burden of proof for asylum, her withholding of removal and CAT claims necessarily fail to the extent that they were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Lin also failed to argue before the BIA with sufficient specificity that she is eligible for CAT relief because of the debts she owes to smugglers. We therefore deem any such argument unexhausted. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). In any event, as the IJ found, Lin failed to present evidence that she was likely to be tortured on that or any other basis.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk