FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH RIAD KAMEL, | No. 08-73796 |
| Petitioner, | |
| | Agency No. A077-361-292 |
| v. | |
| | MEMORANDUM [*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 12, 2010
San Francisco, California

Before: B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Joseph Riad Kamel, a native and citizen of Egypt, was convicted of crimes

that rendered him removable, and the Department of Homeland Security instituted

removal proceedings against him. Kamel sought deferral of removal under the

Convention Against Torture. The Immigration Judge (IJ) granted Kamel's

application for deferral of removal, and the government appealed to the Board of

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Immigration Appeals (BIA), which sustained the appeal and entered an order of removal against Kamel. Kamel now petitions for reversal of the BIA's decision. We grant the petition and remand.

We review factual questions for substantial evidence and questions of law de novo. *Benyamin v. Holder*, 579 F.3d 970, 974 (9th Cir. 2009). Whether the BIA has correctly applied a legal standard is a question of law subject to de novo review. *See, e.g.*, *Morales v. Gonzales*, 478 F.3d 972, 983 (9th Cir. 2007). In this case, the BIA did not correctly apply a binding regulation that prohibits it from "engag[ing] in de novo review of findings of fact determined by an immigration judge," and provides that the IJ's factual findings "shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous." 8 C.F.R. § 1003.1(d)(3)(i).[1]

The IJ found that Kamel is not merely a Coptic Christian but a Coptic Christian proselytizer. Whether Kamel is a Christian proselytizer or will be seen as

---

[1] The government relies on *In re V– K–*, which held that the ultimate prediction of the probability of future torture was "a question of 'judgment'" reviewed de novo, but that the factual findings which contribute to the prediction are reviewed only for clear error. 24 I. & N. Dec. 500, 502 (BIA 2008) (quoting 8 C.F.R. § 1003.1(d)(3)(ii)). We remand because the BIA did not apply the proper standard of the review of the IJ's factual findings, which is clear error. We do not reach the question whether *In re V– K–* was a reasonable interpretation of the applicable regulation.

2

one by Islamic extremists does not depend on the application of law. It depends on historical facts: the extent of Kamel's involvement in Christian evangelization in the past and present, the mode of Christian belief to which he subscribes, the mode of Christian worship he practices, and the attitude of Egyptian Muslims toward evangelization. *Cf. Hernandez-Montiel v. INS*, 225 F.3d 1084, 1091 (9th Cir. 2000) (treating membership in a particular social group as a question of fact).

The BIA, rather than reviewing the IJ's finding for clear error, simply "*disagree[d]* with the Immigration Judge's [finding] that the respondent would be viewed as proselytizing Christianity to Muslims" (emphasis added). However, the correct standard is clear error review. To determine whether IJ's factual findings are clearly erroneous, the BIA should determine whether, applying the correct legal standard to the facts, the IJ's findings are "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (citation and internal quotation marks omitted). Only if one of these three things are true, can the BIA have a "definite and firm conviction" that the IJ "reached a conclusion that was a mistake or was not among its permissible options, and thus that it abused its discretion by making a clearly erroneous finding of fact." *Id.* On remand, the

3

BIA must either accept the IJ's finding that Kamel is a Christian proselytizer or, relying on the record, conclude that the IJ clearly erred.

Relying on Dr. Paul Marshall's expert testimony, the IJ found that Islamic extremists in Egypt are extraordinarily hostile to Christian proselytizers, and that "torture by security authorities in Egypt of Christian proselytizers is 'endemic and pervasive,' despite the mostly symbolic steps taken by the Egyptian government to recognize and protect Coptic Christians." The condition of a foreign country is a question of fact, *see, e.g.*, *Kumar v. Gonzales*, 444 F.3d 1043, 1052-53 (9th Cir. 2006), and the weight given an expert witness's testimony is also for the factfinder, *see Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1230 (9th Cir. 1998).

The BIA should have reviewed the IJ's findings about conditions in Egypt for clear error. Instead, it independently gave great weight to the State Department's reports, in particular to the reports' summaries of what the IJ had agreed were the Egyptian government's "symbolic" gestures of tolerance toward Coptic Christians. And unlike the IJ, the BIA gave little weight to Marshall's testimony and affidavits, saying it was "not persuaded by" them. *See also In re R– S– H–*, 23 I. & N. Dec. 629, 637 (BIA 2003) ("A factfinding may not be overturned simply because the Board would have weighed the evidence differently or decided the facts differently had it been the factfinder." (quotation marks and

4

citation omitted)).  If it accepted the IJ's factual findings, as the BIA claimed it did, it was simply contradictory to find the State Department's reports more persuasive than Dr. Marshall's testimony.  On remand, the BIA must either accept the IJ's findings about conditions in Egypt or cite to sufficiently compelling record evidence to conclude that the IJ clearly erred.

On remand the BIA must also take into account all of the IJ's factual findings.  *See Tukhowinich v. INS*, 64 F.3d 460, 463-64 (9th Cir. 1995).  Ignoring factual findings that are material to the IJ's ruling is incompatible with clear error review.

Because the BIA reviewed the IJ's factual findings de novo rather than for clear error, we grant the petition and remand to the BIA for review under the proper standard.  *See, e.g.*, *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006).

**PETITION GRANTED; REMANDED.**