09-0800-ag
Li v. Holder

BIA
Van Wyke, IJ
A098 353 511

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge*,
> JOHN M. WALKER, JR.,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

LING JIN LI,
> *Petitioner*,

v.                                                09-0800-ag
                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Tina Howe, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Susan K.
                       Houser, Senior Litigation Counsel;
                       T. Bo Stanton, Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, **that the petition for review is DENIED.**

Ling Jin Li, a native and citizen of the People's Republic of China, seeks review of a February 12, 2009, order of the BIA, reversing and vacating the September 22, 2006, decision of Immigration Judge ("IJ") William Van Wyke to the extent it granted Li's application for relief under the Convention Against Torture ("CAT"). *In re Ling Jin Li*, No. A098 353 511 (B.I.A. Feb. 12, 2009), *rev'g* No. A098 353 511 (Immig. Ct. N.Y. City Sept. 22, 2006). We assume the parties' familiarity with the underlying facts and **procedural history in this case.**

Under the circumstances of this case, we review only the decision of the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir. 2008).

Contrary to Li's argument, the BIA did not err in

conducting a de novo review of whether he met his burden of proof for CAT relief.  The BIA has held that whether an applicant has established a likelihood of torture upon his removal is a "mixed question of fact and law, or a question of 'judgment,'" because it relates to "whether the ultimate statutory requirement for establishing eligibility for relief was met."  Matter of V-K-, 24 I. & N. Dec. 500, 502 (BIA 2008); see also 8 C.F.R. § 1003.1(d)(3)(ii) ("The Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo.").  We accord "substantial deference" to an agency's interpretation of its own regulations, see Joaquin-Porras v. Gonzales, 435 F.3d 172, 178 (2d Cir. 2006), and find no error in the BIA's interpretation of the applicable standard of review as set forth in Matter of V-K-.  Thus, because the BIA applied the legal standard for CAT relief to a set of uncontested facts, it acted within the scope of its authority in conducting a de novo review of Li's claim for CAT relief.  See Matter of V- K-, 24 I. & N. Dec. at 501-02.

In addition, we find that a reasonable fact-finder

would not be compelled to conclude that Li established his eligibility for CAT relief. See Mu Xiang Lin v. Gonzales, 432 F.3d 156, 159-60 (2d Cir. 2005). We have held that in order for an applicant to meet his burden of proving that he will more likely than not be tortured upon removal, he must show more than a generalized risk of torture or membership in the "large class of persons who have illegally departed China." Id. Here, Li failed to present sufficient evidence to show that he, in particular, would be singled out by Chinese government officials for his illegal departure. Accordingly, the BIA did not err in concluding that, while "some individuals who left China illegally are imprisoned, and . . . some human rights abuses may occur in Chinese prisons . . . , such evidence does not establish that it is 'more likely than not' that the respondent, in particular, would be tortured upon his removal to China." *In re Ling Jin Li*, No. A098 353 511, slip op. at 2 (emphasis in original); see Pierre v. Gonzales, 502 F.3d 109, 115-21 (2d Cir. 2007) (holding that beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that

4

the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained).  We likewise find no error in the BIA's conclusion that "the evidence of record does not indicate that abuse by snakeheads is so pervasive in China as to establish that" Li would "more likely than not" be tortured upon his removal to China.  In re Ling Jin Li, No. A098 353 511, slip op. at 2.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk