# Matter of Caritina DIAZ-Castaneda, Respondent
# Matter of Porfirio LOPEZ-Lopez, Respondent

File A078 740 900 - Portland, Oregon
File A078 740 903

*Decided January 27, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien who is inadmissible under section 212(a)(9)(C)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(9)(C)(i) (2006), is ineligible for adjustment of status under section 245(i) of the Act, 8 U.S.C. § 1255(i) (2006). *Matter of Briones*, 24 I&N Dec. 355 (BIA 2007), reaffirmed.

FOR RESPONDENT: Samuel W. Asbury, Esquire, Gresham, Oregon

FOR THE DEPARTMENT OF HOMELAND SECURITY: Thomas L. Day, Deputy Chief Counsel

BEFORE: Board Panel: GRANT, MALPHRUS, and MULLANE, Board Members.

GRANT, Board Member:

In a decision dated January 10, 2008, an Immigration Judge found the respondents statutorily ineligible for adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (2006), as aliens who are inadmissible under section 212(a)(9)(C)(i) of the Act, 8 U.S.C. § 1182(a)(9)(C)(i) (2006), but he granted their request for voluntary departure. The respondents have appealed from the Immigration Judge's denial of adjustment of status. The appeal will be dismissed.

We review the findings of fact made by the Immigration Judge, including findings as to the credibility of testimony, to determine whether they are "clearly erroneous," and we review de novo all questions of law, discretion, and judgment, including whether the parties have met their relevant burden of proof. 8 C.F.R. §§ 1003.1(d)(3)(i)–(ii) (2010); *see also Matter of V-K-*, 24 I&N Dec. 500 (BIA 2008); *Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008).

The respondents, who are natives and citizens of Mexico, first entered the United States without inspection in 1988. They were in the United States

unlawfully for more than 1 year after April 1, 1997.[1] On October 1, 2000, they departed the United States, and they reentered unlawfully on November 1, 2000.

The respondents have not meaningfully challenged on appeal the Immigration Judge's finding of relevant facts. Nor have they meaningfully contested that they are inadmissible under section 212(a)(9)(C)(i) of the Act. Based on these undisputed facts, we conclude that each respondent is inadmissible under section 212(a)(9)(C)(i)(I) as an alien who has been unlawfully present in the United States for an aggregate period of more than 1 year and who entered the United States without being admitted.

Because the respondents are inadmissible under section 212(a)(9)(C)(i)(I) of the Act, the Immigration Judge found that he was bound by Board precedent to conclude that the respondents are ineligible for adjustment of status under section 245(i). On appeal, the respondents acknowledge that in *Matter of Briones*, 24 I&N Dec. 355 (BIA 2007), we held that adjustment of status under section 245(i) is not available to an alien who is inadmissible under section 212(a)(9)(C)(i)(I). The respondents argue, however, that despite this Board precedent, the Immigration Judge should have applied the preceding decision of the United States Court of Appeals for the Ninth Circuit in *Acosta v. Gonzales*, 439 F.3d 550 (9th Cir. 2006), which held that an alien who is inadmissible under section 212(a)(9)(C)(i)(I) is eligible to apply for adjustment of status under section 245(i).

The Ninth Circuit has not yet addressed whether it would accord deference to the Board's intervening decision in *Matter of Briones* under *Chevron, USA., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967 (2005) (stating that a court's prior judicial construction of a statute trumps an agency construction that is otherwise entitled to *Chevron* deference if the prior court decision holds that the construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion). However, both the Second Circuit in *Mora v. Mukasey*, 550 F.3d 231, 239 (2d Cir. 2008), and the Sixth Circuit in *Ramirez-Canales v. Mukasey*, 517 F.3d 904, 910 (6th Cir. 2008), have since held that because the Board analyzed and interpreted the

---

[1] Section 212(a)(9)(C) of the Act was enacted by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, which was effective April 1, 1997. Under section 212(a)(9)(C)(i)(I), an alien who "has been unlawfully present in the United States for an aggregate period of more than 1 year . . . and who enters or attempts to reenter the United States without being admitted is inadmissible."

ambiguous provisions of the immigration laws reasonably in *Matter of Briones*, *Chevron* deference should be accorded to our conclusion that an alien who is determined to be inadmissible under section 212(a)(9)(C)(i)(I) is ineligible to adjust status under section 245(i). Furthermore, the Seventh Circuit recently noted that there was sufficient ambiguity between sections 212(a)(9)(C)(i)(I) and 245(i) to require *Chevron* deference and that it "would find that the [Board] has drawn a rational line." *Lemus-Losa v. Holder*, 576 F.3d 752, 760 (7th Cir. 2009).

In *Acosta v. Gonzales*, 439 F.3d 550, the Ninth Circuit stated that it was constrained by its prior decision in *Perez-Gonzalez v. Ashcroft*, 379 F.3d 783 (9th Cir. 2004), which held that adjustment of status under section 245(i) of the Act remained available for aliens who are inadmissible under section 212(a)(9)(C)(i)(II). However, in *Gonzales v. Department of Homeland Security*, 508 F.3d 1227 (9th Cir. 2007), the Ninth Circuit subsequently overruled *Perez-Gonzalez* after granting *Chevron* deference to the Board's decision in *Matter of Torres-Garcia*, 23 I&N Dec. 866 (BIA 2006), which had rejected the Ninth Circuit's analysis in *Perez-Gonzalez*. In so doing, the Ninth Circuit recognized that *Perez-Gonzalez* was premised on the "existence of ambiguity in the interplay between the inadmissibility and adjustment of status provisions" and that the Board's interpretation of these ambiguous statutes in *Matter of Torres-Garcia* was reasonable. *Gonzales v. Dep't of Homeland Sec.*, 508 F.3d at 1238, 1242. The Second Circuit took note of these developments to conclude that *Gonzales* substantially undermined *Acosta*. *See Mora v. Mukasey*, 550 F.3d at 237.

In *Mercado-Zazueta v. Holder*, 580 F.3d 1102 (9th Cir. 2009), the Ninth Circuit found that neither *Brand X* nor *Gonzales* suggests that although agencies do retain discretion to determine ambiguous statutes, an agency may repeatedly put forward an interpretation that a circuit court has already examined under *Chevron* and found to be unreasonable. However, the instant case can be distinguished from *Mercado-Zazueta* because the Ninth Circuit has already determined that the Board's interpretation of similar statutes was reasonable.

We agree with the Immigration Judge that the respondents, as aliens who are inadmissible under section 212(a)(9)(C)(i)(I) of the Act, are ineligible for adjustment of status under section 245(i). Neither the Immigration Judge nor the Board remains bound by the Ninth Circuit's decision in *Acosta* in light of our subsequently issued decision in *Matter of Briones* and the Ninth Circuit's decision in *Gonzales* to overrule *Perez-Gonzalez*. *See Matter of Silva-Trevino*, 24 I&N Dec. 687, 696 (A.G. 2008) (noting that administrative agencies are not bound by prior judicial interpretations

of ambiguous statutory provisions); *see also Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967. The analysis of *Matter of Briones* is therefore applicable, and the Immigration Judge properly found the respondents ineligible for adjustment of status under section 245(i) of the Act. Accordingly, the respondents' appeal will be dismissed.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the respondents are permitted to voluntarily depart the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the Department of Homeland Security ("DHS"). *See* section 240B(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229c(b) (2006); *see also* 8 C.F.R. §§ 1240.26(c), (f) (2010). In the event the respondents fail to voluntarily depart the United States, the respondents shall be removed as provided in the Immigration Judge's order.

**NOTICE:** If the respondents fail to voluntarily depart the United States within the time period specified, or any extensions granted by the DHS, the respondents shall be subject to a civil penalty as provided by the regulations and the statute and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Act, 8 U.S.C. § 1229b, 1255, 1258, and 1259 (2006). *See* section 240B(d) of the Act.

**WARNING:** If the respondents file a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply. *See* Voluntary Departure: Effect of a Motion To Reopen or Reconsider or a Petition for Review, 73 Fed. Reg. 76,927, 937-38 (Dec. 18, 2008) (codified at 8 C.F.R. §§ 1240.26(c)(3)(iii), (e)(1) (2010)).

**WARNING:** If, prior to departing the United States, the respondents file any judicial challenge to this administratively final order, such as a petition for review pursuant to section 242 of the Act, 8 U.S.C. § 1252 (2006), the grant of voluntary departure is automatically terminated, and the alternate order of removal shall immediately take effect. However, if the respondents file a petition for review and then depart the United States within 30 days of such filing, the respondents will not be deemed to have departed under an order of removal if they provide to the DHS such evidence of their departure that the Immigration and Customs Enforcement Field Office Director of the DHS may

require and provide evidence the DHS deems sufficient that they have remained outside of the United States. The penalties for failure to depart under section 240B(d) of the Act shall not apply to an alien who files a petition for review, notwithstanding any period of time that he or she remains in the United States while the petition for review is pending. *See* 73 Fed. Reg. at 76,938 (codified at 8 C.F.R. § 1240.26(i)).