
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARITINA DIAZ-CASTANEDA and PORFIRIO LOPEZ-LOPEZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-70633 <br><br> Agency Nos. A078-740-900 <br> A078-740-903 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 19, 2013**
Portland, Oregon

Before: PREGERSON and WARDLAW, Circuit Judges, and SEDWICK, District
Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable John W. Sedwick, District Judge for the U.S. District
Court for Alaska, Anchorage, sitting by designation.

Caritina Diaz-Castaneda (Diaz) and Porfirio Lopez-Lopez (Lopez) (collectively Petitioners), husband and wife and natives and citizens of Mexico, appeal the Board of Immigration Appeals's (BIA) published decision affirming an Immigration Judge's (IJ) denial of their applications for adjustment of status under INA § 245(i), 8 U.S.C. § 1255(i). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The BIA's published decision concludes that Petitioners are ineligible to adjust status under INA § 245(i) because both are inadmissible under INA § 212(a)(9)(C)(i)(I), 8 U.S.C. § 1182(a)(9)(C)(i)(I). *Matter of Diaz-Castaneda*, 25 I. & N. Dec. 188 (BIA 2010). This subsection of the INA renders inadmissible any alien who is unlawfully present in the United States for an aggregate period of more than one year, departs the United States, and subsequently reenters the country without authorization. Petitioners argue for application of our prior decision in *Acosta v. Gonzales,* 439 F.3d 550 (9th Cir. 2006), which held that aliens who are inadmissible under INA § 212(a)(9)(C)(i)(I) are nevertheless eligible to adjust under INA § 245(i).

We have recently rejected the applicability of *Acosta* in this context, however. *See generally Garfias-Rodriguez v. Holder*, 702 F.3d 504 (9th Cir. 2012) (en banc). In *Garfias-Rodriguez*, we addressed the BIA's decision in *In re*

2

*Briones*, 24 I. & N. Dec. 355 (BIA 2007), in which the Board declined to follow the reasoning of *Acosta* and concluded that "recidivist immigration violators" who are inadmissible under INA § 212(a)(9)(C)(i)(I) may not adjust under § 245(i). *Id.* at 370. We held in *Garfias-Rodriguez* that the BIA's conclusion in *Briones* is a permissible construction of the statute entitled to deference under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837 (1984), and that the BIA's *Briones* decision supplants our previous holding to the contrary in *Acosta* under the reasoning of *Nat'l Cable and Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967 (2005). *Garfias-Rodriguez*, 702 F.3d at 512-14.

Although Ninth Circuit and BIA precedent have become much less favorable during the pendency of their petition, Petitioners offer no evidence to support the argument that they have therefore been deprived of their due process right to be heard "at a meaningful time and in a meaningful manner." *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation omitted). There is no evidence that the BIA or IJ unnecessarily or deliberately delayed adjudicating Petitioners' adjustment applications out of a desire to subject them to unfavorable changes in the law.

Furthermore, *Garfias-Rodriguez* controls our analysis of whether the BIA's decision in *Briones* should be applied retroactively to Petitioners. *See Garfias-*

*Rodriguez*, 702 F.3d at 520 (holding that "when we overturn our own precedent following a contrary statutory interpretation by an agency authorized under *Brand X*, we analyze whether the agency's statutory interpretation (to which we defer) applies retroactively under the test we adopted in *Montgomery Ward* [*& Co. v. FTC*, 691 F.2d 1322 (9th Cir. 1982)]").[1]  The reasoning of *Garfias-Rodriguez* in applying *Montgomery Ward* dictates the outcome here.  Like Garfias, Petitioners initially applied for adjustment of status before *Acosta* was decided, and the proceedings in Petitioners' case unfolded against a continuously shifting backdrop of general legal uncertainty about the interaction between § 245(i) and §212 (a)(9)(C)(i)(I), undermining the notion that they acted in justified reliance on *Acosta*.  *See Garfias-Rodriguez*, 702 F.3d at 522-23.  And while deportation is a significant burden for Petitioners to bear, the same was true in *Garfias-Rodriguez*, where we nonetheless held that the government's interest in maintaining

---

[1]*Montgomery Ward*'s retroactivity analysis requires courts to inquire:

(1) whether the particular case is one of first impression, (2) whether the new rule represents an abrupt departure from well established practice or merely attempts to fill a void in an unsettled area of law, (3) the extent to which the party against whom the new rule is applied relied on the former rule, (4) the degree of the burden which a retroactive order imposes on a party, and (5) the statutory interest in applying a new rule despite the reliance of a party on the old standard.

*Garfias-Rodriguez*, 702 F.3d at 518 (internal citations omitted).

uniformity in the application of immigration law militated in favor of retroactive application. *See id.* at 523. There is no factual basis to distinguish Petitioners' situation from the one presented in *Garfias-Rodriguez* for purposes of applying *Montgomery Ward*. Thus, because we are bound by *Garfias-Rodriguez*, we conclude that the BIA's decision in *Briones* applies to Petitioners, rendering them ineligible for adjustment under § 245(i).[2]

**Petition DENIED.**

---

[2] Petitioners argue that we should remand their petitions to the BIA so that they may file new adjustment applications as ten years have passed since their most recent unlawful reentry. We do not address the merits of this argument because the proper avenue for relief is to file a motion to reopen with the BIA, which Petitioners are free to do. *See Kalilu v. Mukasey*, 548 F.3d 1215 (9th Cir. 2008).

*Diaz-Castaneda v. Holder*, No. 10-70633

PREGERSON, Circuit Judge, dissenting:



FILED

SEP 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I dissent. Here, unlike in *Garfias-Rodriguez*, the *Montgomery Ward* retroactivity analysis does not support applying *Briones*. The second, third, and fourth factors all weigh heavily in favor of Petitioners.[1]

Given the specific facts and timing of this case, the second and third *Montgomery Ward* factors weigh in favor of Petitioners. Unlike in *Garfias-Rodriguez*, Petitioners here in their motion to reopen their case specifically relied on *Perez-Gonzalez v. Ashcroft*, 379 F.3d 783 (9th Cir. 2004), which holds that INA § 212(a)(9)(C)(i)(II) does not bar adjustment of status under INA § 245(i). Further, the Immigration Judge was prepared to grant the Petitioners adjustment in a hearing on January 10, 2008. By the time the case was remanded to the IJ

---

[1] The *Montgomery Ward* retroactivity test considers:

> (1) whether the particular case is one of first impression, (2) whether the new rule represents an abrupt departure from well established practice or merely attempts to fill a void in an unsettled area of law, (3) the extent to which the party against whom the new rule is applied relied on the former rule, (4) the degree of the burden which a retroactive order imposes on a party, and (5) the statutory interest in applying a new rule despite the reliance of a party on the old standard.

*Garfias-Rodriguez v. Holder*, 702 F.3d 504, 518 (9th Cir. 2012) (internal citations omitted).

1

following his erroneous application of the fugitive entitlement doctrine, however, the Ninth Circuit had overruled *Perez-Gonzalez*. Accordingly, the IJ determined that Petitioners were no longer eligible for adjustment under § 245(i).

Moreover, the fourth factor also weighs in favor of Petitioners. As the majority points out, deportation is a significant burden here, as it was in *Garfias-Rodriguez*. But here, the burden is even higher because of the IJ's initial legal error. Had the IJ not erroneously applied the fugitive entitlement doctrine, *Acosta v. Gonzales*, 439 F.3d 550 (9th Cir. 2006), which holds that § 212(a)(9)(C)(i)(I) does not bar § 245(i) eligibility, would have controlled Petitioners' case and they would have received § 245(i) relief. Instead, the IJ's erroneous decision resulted in a delay of almost two years. This makes the burden of deportation now especially heavy.

*Briones* should not apply retroactively in this case. I would grant the petition. Therefore, I dissent.