MEMORANDUM ***
Caritina Diaz-Castaneda (Diaz) and Porfirio Lopez-Lopez (Lopez) (collectively Petitioners), husband and wife and natives and citizens of Mexico, appeal the Board of Immigration Appeals’s (BIA) published decision affirming an Immigration Judge’s (IJ) denial of their applications for adjustment of status under INA § 245(i), 8 U.S.C. § 1255®. We have ju *633 risdiction under 8 U.S.C. § 1252, and we deny the petition for review.
The BIA’s published decision concludes that Petitioners are ineligible to adjust status under INA § 245(i) because both are inadmissible under INA § 212(a)(9)(C)(i)(I), 8 U.S.C. § 1182(a)(9)(C)(i)(I). Matter of Diaz-Castaneda, 25 I. & N. Dec. 188 (BIA 2010). This subsection of the INA renders inadmissible any alien who is unlawfully present in the United States for an aggregate period of more than one year, departs the United States, and subsequently reenters the country without authorization. Petitioners argue for application of our prior decision in Acosta v. Gonzales, 489 F.3d 550 (9th Cir.2006), which held that aliens who are inadmissible under INA § 212(a)(9)(C)(i)(I) are nevertheless eligible to adjust under INA § 245(i).
We have recently rejected the applicability of Acosta in this context, however. See generally Garfias-Rodriguez v. Holder, 702 F.3d 504 (9th Cir.2012) (en banc). In Garfias-Rodriguez, we addressed the BIA’s decision in In re Briones, 24 I. & N. Dec. 355 (BIA 2007), in which the Board declined to follow the reasoning of Acosta and concluded that “recidivist immigration violators” who are inadmissible under INA § 212(a)(9)(C)(i)(I) may not adjust under § 245(i). Id. at 370. We held in Garfias-Rodriguez that the BIA’s conclusion in Briones is a permissible construction of the statute entitled to deference under Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), and that the BIA’s Briones decision supplants our previous holding to the contrary in Acosta under the reasoning of Nat’l Cable and Telecomm. Ass’n v. Brand X Internet Servs., 545 U.S. 967, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005). Garfias-Rodriguez, 702 F.3d at 512-14.
Although Ninth Circuit and BIA precedent have become much less favorable during the pendency of their petition, Petitioners offer no evidence to support the argument that they have therefore been deprived of their due process right to be heard “at a meaningful time and in a meaningful manner.” Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (internal quotation omitted). There is no evidence that the BIA or IJ unnecessarily or deliberately delayed adjudicating Petitioners’ adjustment applications out of a desire to subject them to unfavorable changes in the law.
Furthermore, Garfias-Rodriguez controls our analysis of whether the BIA’s decision in Briones should be applied retroactively to Petitioners. See Garfias-Rodriguez, 702 F.3d at 520 (holding that “when we overturn our own precedent following a contrary statutory interpretation by an agency authorized under Brand X, we analyze whether the agency’s statutory interpretation (to which we defer) applies retroactively under the test we adopted in Montgomery Ward [& Co. v. FTC, 691 F.2d 1322 (9th Cir.1982) ]”).[1] The reasoning of Garfias-Rodriguez in applying Montgomery Ward dictates the outcome *634 here. Like Garfias, Petitioners initially applied for adjustment of status before Acosta was decided, and the proceedings in Petitioners’ case unfolded against a continuously shifting backdrop of general legal uncertainty about the interaction between § 245(i) and § 212(a)(9)(C)(i)(I), undermining the notion that they acted in justified reliance on Acosta. See Garfias-Rodriguez, 702 F.3d at 522-23. And while deportation is a significant burden for Petitioners to bear, the same was true in Garfias-Rodriguez, where we nonetheless held that the government’s interest in maintaining uniformity in the application of immigration law militated in favor of retroactive application. See id. at 523. There is no factual basis to distinguish Petitioners’ situation from the one presented in Garfias-Rodriguez for purposes of applying Montgomery Ward. Thus, because we are bound by Garfias-Rodriguez, we conclude that the BIA’s decision in Briones applies to Petitioners, rendering them ineligible for adjustment under § 245(i).[2]
Petition DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Montgomery Ward’s retroactivity analysis requires courts to inquire:
(1) whether the particular case is one of first impression, (2) whether the new rule represents an abrupt departure from well established practice or merely attempts to fill a void in an unsettled area of law, (3) the extent to which the party against whom the new rule is applied relied on the former rule, (4) the degree of the burden which a retroactive order imposes on a party, and (5) the statutory interest in applying a new rule despite the reliance of a party on the old standard.
Garfias-Rodriguez, 702 F.3d at 518 (internal citations omitted).

. Petitioners argue that we should remand their petitions to the BIA so that they may file new adjustment applications as ten years have passed since their most recent unlawful reentry. We do not address the merits of this argument because the proper avenue for relief is to file a motion to reopen with the BIA, which Petitioners are free to do. See Kalilu v. Mukasey, 548 F.3d 1215 (9th Cir.2008).