**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENJAMIN D. ORTEGA, | No. 12-72633 |
| Petitioner, | Agency No. A073-420-819 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 18, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Benjamin Ortega ("Ortega"), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ortega contends that he suffered past persecution in the form of physical abuse by his father when he was a child and has a well-founded fear of future persecution on this basis were he to be removed to El Salvador. "To establish eligibility for asylum, an applicant must demonstrate his or her status as a refugee." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1064 (9th Cir. 2003) (citing *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997)). On a claim of past persecution committed by a private individual, the applicant bears the burden of showing that the government is unable or unwilling to control the persecutor. *See Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010).

Reviewing the Board's conclusion that Ortega failed to establish past persecution for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009), we determine that the Board was not compelled to find that Ortega is entitled to asylum. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007). In particular, Ortega did not demonstrate that El Salvador's government was unwilling or unable to control Ortega's father. Ortega did not provide evidence that child abuse was widespread and not controlled by the government, that others have made reports of similar incidents to no avail, or that El Salvador's laws and customs deprive children of governmental protection. *See Rahimzadeh v. Holder*, 613 F.3d 916, 922–23 (9th Cir. 2010). His bare two-sentence pronouncement that "[c]hild abuse has

been and continues to be a 'serious and widespread problem'" and "[t]he authorities' response to the child abuse epidemic has been 'ineffective and unsupportive'" does not suffice to carry his burden.[1]

As the Board correctly determined that Ortega did not establish that he suffered past persecution, the burden of proof it applied to his claim was proper. That Ortega is now an adult male who concedes that he no longer fears his elderly father and has similarly-situated siblings living safely in El Salvador demonstrates that the Board's decision was supported by substantial evidence. Lastly, as Ortega did not establish either past persecution or the possibility of suffering serious harm upon returning to El Salvador, the Board did not abuse its discretion in affirming the IJ's denial of Ortega's claim for humanitarian asylum. *See Hanna v. Keisler*, 506 F.3d 933, 939 (9th Cir. 2007) (citing 8 C.F.R. § 1208.13(b)(1)(iii)).

**PETITION DENIED.**

---

[1] Ortega's contention that the Board engaged in impermissible fact finding is unavailing. Board precedent specifically identifies determinations of "whether the facts established by a particular alien amount to past persecution" as mixed questions of law and fact that the Board may review de novo. *Matter of V-K-*, 24 I. & N. Dec. 500, 501–02 (BIA 2008) (internal quotation marks and citation omitted), *overruled on other grounds by Matter of Z-Z-O-*, 26 I. & N. Dec. 586 (BIA 2015). Furthermore, even if the Board engaged in impermissible fact finding, remand would be futile, *see Najmabadi v. Holder*, 597 F.3d 983, 991 (9th Cir. 2010), as Ortega cannot demonstrate a well-founded fear of future persecution, regardless of where the burden rests. Evidence in the form of changed country conditions, changed circumstances, and the possibility of relocation, unambiguously undermines Ortega's asylum application and leaves no doubt as to the outcome.