**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLORIA ELIZABETH TEJADA, | No. 10-73628 |
| Petitioner, | Agency No. A095-880-372 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Gloria Elizabeth Tejada, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, and withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

grant the petition for review and remand.

As to the timeliness of Tejada's asylum application, the BIA did not consider Tejada's contention based on her inclusion in her mother's asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA is not free to ignore arguments raised by a petitioner.").

Further, in denying Tejada's asylum and withholding of removal claims, the BIA found Tejada failed to establish a nexus to a protected ground. However, when the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), and *Reyes v. Lynch*, 842 F.3d 1125 (9th Cir. 2016), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).

Thus, we remand Tejada's asylum and withholding of removal claims to determine the impact, if any, of these decisions, and this court's decision in *Perdomo v. Holder*, 611 F.3d 662 (9th Cir. 2009). *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). On remand, the BIA should also address Tejada's contention regarding her reasons for not filing a timely asylum application.

**PETITION FOR REVIEW GRANTED; REMANDED.**