# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ABRAHAM F. KALILU,

　　　　　　　*Petitioner,*

　　　　v.

MICHAEL B. MUKASEY, Attorney
General,

　　　　　　　*Respondent.*

No. 06-75425

Agency No.
A98-132-223

ORDER AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 3, 2007—San Francisco, California

Filed February 14, 2008
Amended November 20, 2008

Before: Dorothy W. Nelson, Stephen Reinhardt, and
Carlos T. Bea, Circuit Judges.

Per Curiam Opinion

15683

## COUNSEL

Socheat Chea, Esq., Duluth, Georgia, for the petitioner.

Peter D. Keisler, Esq., Linda S. Wendtland, Esq., Holly Smith, Esq., Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for the respondent.

## ORDER

The majority opinion filed February 14, 2008, slip op. 1369, and appearing at 516 F.3d 777 (9th Cir. 2008), is hereby amended as follows:

1. slip op. at 1374, line 3: Replace "and" with "or."

2. slip op. at 1374, lines 3-5: Replace "If an alien is removed, he is no longer eligible for adjustment of status. *See* 8 U.S.C. § 1182(a)(9)(A)(ii)." with "If an alien is removed, his adjustment application is deemed abandoned. 8 C.F.R. § 245.2(a)(4)(ii)(A). The alien cannot reapply for adjustment of status until he has reentered the United States, which he is barred from doing for ten years. 8 C.F.R. § 245.1(a); 8 U.S.C. § 1182(a)(9)(A)(ii)."

3. slip op. at 1375: Replace Footnote 5 with the following text: "On remand, the agency may consider Petitioner's request in light of the Interim Rule as a request for a continuance or a stay of proceedings pending USCIS's adjudication of Petitioner's pending marriage petition. *See, e.g.*, *Ramirez-Sanchez v. Mukasey*, 508 F.3d 1254, 1256 (9th Cir. 2008)."

With these amendments, the panel has voted to DENY the petition for panel rehearing. No future petitions for rehearing shall be entertained.

## OPINION

PER CURIAM:

Abraham Kalilu ("Kalilu"), a twenty-seven-year-old native and citizen of Liberia, seeks review of the Board of Immigration Appeals' ("BIA") adverse decision determining that he filed a frivolous asylum application, denying his claims for asylum and withholding of removal, denying his request for voluntary departure, and denying his motion to reopen. Petitioner raises two principal challenges to the BIA's decision.[1] First, he argues that the BIA's frivolousness determination cannot be sustained because he was not afforded the required procedural safeguards, including notice and an opportunity to respond. Second, he argues that the BIA abused its discretion in denying his motion to reopen so that he could have an opportunity to pursue adjustment of status on the basis of his marriage to a United States citizen. We have jurisdiction over both of these claims pursuant to 8 U.S.C. § 1252, and we grant the petition for review.

A.

[1] A determination that an applicant filed a frivolous asylum application renders the applicant permanently ineligible for immigration relief. 8 U.S.C. § 1158(d)(6). Petitioner con-

---

[1]Petitioner raises three additional challenges. We lack jurisdiction over his claim that the BIA erred in denying his request for voluntary departure. *See* 8 U.S.C. § 1229c(f); *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003). We also lack jurisdiction over a claim concerning the merits of Petitioner's asylum application because he did not challenge its denial before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Vargas v. INS*, 831 F.2d 906, 907-08 (9th Cir. 1987). Finally, substantial evidence supports the BIA's adverse credibility determination. *See Chen v. Ashcroft*, 362 F.3d 611, 617 (9th Cir. 2004). In the absence of credible testimony, Petitioner failed to meet the high burden of proof required to establish eligibility for withholding of removal. *See Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999).

tends that the BIA erred in affirming the IJ's frivolous asylum application determination in his case. On April 25, 2007, the BIA provided guidance for when an asylum application may be found frivolous in accordance with the statute and governing regulation. *See In re Y-L-*, 24 I. & N. Dec. 151, 155 (BIA 2007). Since these guidelines were issued five months after the BIA considered Petitioner's appeal, we grant the petition in part and remand so that the BIA may apply the standards set forth in *In re Y-L-* to Petitioner's case in the first instance.[2]

## B.

Petitioner also argues that the BIA abused its discretion in denying his motion to reopen. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004) (reviewing denial of motion to reopen for abuse of discretion). The BIA held that Petitioner's motion to reopen "must be denied" because a newly-enacted regulation clarified that, as an arriving alien, Petitioner "must pursue any application for adjustment of status with the United States Citizenship and Immigration Services (USCIS) independent of [ ] removal proceedings." *See Eligibility of Arriving Aliens in Removal Proceedings to Apply for*

---

[2]At oral argument, Petitioner's counsel, relying on a recent Third Circuit decision, argued that the BIA erred as a matter of law in finding that Petitioner filed a frivolous asylum application where his application was denied as untimely. *See, e.g.*, *Luciana v. Attorney Gen.*, 502 F.3d 273, 280 (3d Cir. 2007). *Luciana* is distinguishable from the present case. In that case, the BIA's frivolousness determination was based on the petitioner's submission of an asylum application that contained a false story of her alleged persecution in Indonesia. *Luciana*, 502 F.3d at 280 n.6. The Third Circuit held that because the petitioner was statutorily time-barred from filing her asylum application, the false story "was totally incapable of influencing the decision-makers, and therefore it was not material." *Id.* at 280. By contrast, in the present case, Petitioner's falsehood (an inaccurate date of entry) went to the very question of whether his application was time-barred in the first instance. Unlike in *Luciana*, not only was this misrepresentation "[ ]capable of influencing the decision-makers[,]" it indeed *did* influence the decision-makers, who initially adjudicated his asylum application on the merits rather than denying it as untimely.

*Adjustment of Status and Jurisdiction to Adjudicate Applications for Adjustment of Status*, 71 Fed. Reg. 27585-592 (May 12, 2006) (codified at 8 C.F.R. §§ 1.1, 245.1, 245.2, 1001.1, 1245.1, 1245.2) (hereinafter "Interim Rule"). We agree that the BIA's denial of Petitioner's motion to reopen solely on jurisdictional grounds constitutes an abuse of discretion.[3]

[2] The Interim Rule upon which the BIA relied in denying Petitioner's motion to reopen was passed in response to the decisions of four Courts of Appeal, including our own, holding that the Attorney General must provide an opportunity for arriving aliens in removal proceedings to apply for adjustment on the basis of a valid immigrant visa petition. *See Succar v. Ashcroft*, 394 F.3d 8, 9 (1st Cir. 2005); *Zheng v. Gonzales*, 422 F.3d 98, 119 (3d Cir. 2005); *Bona v. Gonzales*, 425 F.3d 663, 670-71 (9th Cir. 2005); *Scheerer v. U.S. Attorney Gen.*, 445 F.3d 1311, 1318 (11th Cir. 2006). The opportunity that the Interim Rule affords for an arriving alien in removal proceedings to establish his eligibility for adjustment based on a *bona fide* marriage is rendered worthless where the BIA, as it purports to do in the present case, denies a motion to reopen (or continue) that is sought in order to provide time for USCIS to adjudicate a pending application. Without a reopening or a continuance, an alien is subject to a final order of removal, despite the fact that he may have a *prima facie* valid I-130 or adjustment application pending before USCIS. If an alien is removed, his adjustment application is deemed abandoned. 8 C.F.R. § 245.2(a)(4)(ii)(A). The alien cannot reapply for adjustment of status until he has reentered the United States, which he is barred from doing for ten years. 8 C.F.R. § 245.1(a); 8 U.S.C. § 1182(a)(9)(A)(ii).

---

[3]We note that if, on remand, the BIA determines that Petitioner filed a frivolous asylum application, this determination would preclude Petitioner from eligibility to adjust his status. *See* 8 U.S.C. § 1158(d)(6) (rendering an alien who files a frivolous asylum application permanently ineligible for any future immigration benefits).

The BIA's denial of Petitioner's motion to reopen on jurisdictional grounds is also contrary to the Board's general policy of favorably exercising its discretion to grant motions to reopen on the basis of an unadjudicated I-130 petition. *See In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 256-57 (BIA 2002) (en banc); *Matter of Garcia*, 16 I. & N. Dec. 653, 657 (BIA 1978), *modified on other grounds by Matter of Arthur*, 20 I. & N. Dec. 475 (BIA 1992) (providing that "discretion should, as a general rule, be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of a deportation hearing or upon a motion to reopen.").

**[3]** We therefore hold that the BIA abused its discretion in denying Petitioner's motion to reopen and remand for an exercise of the agency's discretion that takes into consideration the factors set forth in *Velarde-Pacheco*. 23 I. & N. Dec. at 256.[4]

---

[4]*Velarde-Pacheco* provides that a "properly filed motion to reopen may be granted, in the exercise of discretion, to provide an alien an opportunity to pursue an application for adjustment where the following factors are present: (1) the motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is not barred by *Matter of Shaar*, 21 I. & N. Dec. 541 (BIA 1996), or on any other procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide; and (5) the Service either does not oppose the motion or bases its opposition solely on *Matter of Arthur*." 23 I. & N. Dec. at 256.

We note that even if these factors are present, the decision of whether or not to grant the motion to reopen remains within the BIA's discretion. *See id.* at 256 (explaining that "[e]very application necessarily requires examination of the relevant factors and a determination of the weight such factors should be accorded in the exercise of discretion . . . ."). *See also* 71 Fed. Reg. at 27589 (comments published with "Interim Rule") ("While noting that it will ordinarily be appropriate for an immigration judge to exercise his or her discretion favorably to grant a continuance or motion to reopen in the case of an alien who has submitted a prima facie approvable visa petition and adjustment application in the course of a deportation hearing . . . an immigration judge has discretion in an appropriate case to deny a continuance . . . .").

## C.

For the reasons set forth above, we DISMISS the petition insofar as it seeks review of Petitioner's claim to asylum and request for voluntary departure over which we lack jurisdiction, DENY the petition with respect to the agency's denial of withholding of removal, and GRANT the petition and REMAND for the BIA to reconsider its frivolousness determination in light of *In re Y-L-* and for a renewed exercise of the agency's discretion with respect to Petitioner's motion to reopen.[5]

**DISMISSED in part, DENIED in part, GRANTED and REMANDED in part.**

---

[5]On remand, the agency may consider Petitioner's request in light of the Interim Rule as a request for a continuance or a stay of proceedings pending USCIS's adjudication of Petitioner's pending marriage petition. *See, e.g.*, *Ramirez-Sanchez v. Mukasey*, 508 F.3d 1254, 1256 (9th Cir. 2008).