JIN JIE LIANG, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–73329.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 29, 2008.

Robert J. Adinolfi, Esquire, Louis & Adinolfi, LLC, Karen Jaffe, Esquire, New York, NY, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Jamie M. Dowd, Esquire, Barry J. Pettinato, Esquire, R. Alexander Goring, Esquire, Trial, Michelle Gorden Latour, Esquire, Assistant Director, U.S. Department of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Jin Jie Liang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we review de novo questions of law, *Ahir v. Mukasey,* 527 F.3d 912, 916 (9th Cir.2008). We dismiss in part, deny in part and grant in part the petition for review, and we remand.

 We lack jurisdiction to consider Liang's contention that his former attorney provided ineffective assistance of counsel because he did not exhaust this claim before the BIA. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000).

 Substantial evidence supports the IJ's adverse credibility determination because Liang's inconsistency regarding whether or not he lived in Venezuela for three years before coming to the United States was not a minor discrepancy, *see Chebchoub,* 257 F.3d at 1043, and he failed to provide corroborating evidence of his identity, *see Sidhu v. INS,* 220 F.3d 1085,

1090–92 (9th Cir.2000) (holding that when the IJ has reason to question an alien's credibility, material and easily available corroboration may be required).

 We conclude that in his brief to the BIA, Liang sufficiently challenged the IJ's finding that he filed a frivolous asylum application. *See Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir.2004). On April 25, 2007, in *In re Y–L–,* 24 I. & N. Dec. 151, 155 (BIA 2007), the BIA provided guidance for when an asylum application may be found frivolous. Because these guidelines were issued after the IJ's decision in this case, we grant the petition with respect to the IJ's frivolous finding, and we remand so that the IJ may apply the standards set forth in *In re Y–L–* to Liang's case in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *see also Kalilu v. Mukasey,* 548 F.3d 1215, 1216–18 (9th Cir. 2008) (remanding frivolous determination for reconsideration in light of *In re Y–L–* ).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.