**Hoang NGUYEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74796.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bart Klein, Law Offices of Bart Klein, Seattle, WA, for Petitioner.

Hoang Nguyen, Kent, WA, pro se.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Brianne Whelan Cohen, Esquire, M. Jocelyn Lopez Wright, U.S. Department of Justice, Washington, DC, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Hoang Nguyen, a native and citizen of Vietnam, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order and denying his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We grant in part and deny in part the petition for review, and remand for further proceedings.

■ The BIA denied Nguyen's motion to remand to seek adjustment of status because it reasoned that jurisdiction over Nguyen's application for adjustment of status lies solely with the Department of Homeland Security. At the time of its decision, the BIA did not have the benefit of *Kalilu v. Mukasey*, 548 F.3d 1215, 1217–18 (9th Cir.2008) (per curiam) (BIA abuses its discretion in denying an arriving

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

alien's motion to reopen to apply for adjustment of status solely on jurisdictional grounds). We therefore remand to the BIA to reconsider Nguyen's motion in light of our intervening caselaw and in consideration of the factors set forth in *Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253 (BIA 2002) (en banc).

In light of our disposition, we need not reach Nguyen's equal protection claim.

■ In his opening brief, Nguyen waived any challenge to the agency's denial of his motion to remand to apply for other forms of relief and the agency's determination that he is ineligible for cancellation of removal. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**