MEMORANDUM *
Petitioner Valery Alexandrovich Tsoyi petitions for review of the BIA’s affir-mance of the IJ’s denial of his application for political asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny the petition.
The BIA’s single-member per curiam order appears to adopt the IJ’s adverse credibility determination. We treat the examples provided in the BIA’s order as “merely illustrative” and therefore review the IJ’s determination. See Morgan v. Mukasey, 529 F.3d 1202, 1206 (9th Cir. 2008).
Substantial evidence supports the IJ’s adverse credibility finding and thus its conclusion that Tsoyi failed to establish past persecution, a well-founded fear of future persecution, or clear probability of torture if returned to Uzbekistan. See, e.g., Kalilu v. Mukasey, 548 F.3d 1215, 1217 n. 1 (9th Cir.2008) (per curiam). Tsoyi claims to have made an initial six-month trip to the United States, after which he returned to Uzbekistan despite having already suffered severe mistreatment at the hands of Uzbeki police on two separate occasions. The fact that Tsoyi “voluntarily returned to [Uzbekistan] after reaching a point of safety in the United States” and did not at that time “investigate the availability of some means of avoiding a return to the country [he] claims to have feared” is “sufficient to support the IJ’s adverse credibility finding.” Loho v. Mukasey, 531 F.3d 1016, 1018-19 (9th Cir.2008). Further undermining Tsoyi’s claim is his testimony that the reason he opted to return to Uzbekistan was to reunite with his family, and yet when he and his family fled Uzbekistan in the summer of 2000, he did not accompany his wife and children to Russia; instead, Tsoyi chose to travel alone to the United States.
The record also supports the IJ’s demeanor-based adverse credibility determination, as Tsoyi’s testimony during the hearing before the IJ was frequently non-responsive and, even when prompted for details, he provided imprecise descriptions of the three incidents of police beatings going “to the heart of [his] claim of persecution.” Kaur v. Gonzales, 418 F.3d 1061, 1067 (9th Cir.2005); see also Malkandi v. Mukasey, 544 F.3d 1029, 1041-42 (9th Cir. 2008).
On the other hand, minor inconsistencies regarding the dates of Tsoyi’s hospitalization do not go to the heart of his claim, and he was not given an opportunity to explain the discrepancy regarding his employment status in 2002, so neither of these grounds provides a sufficient basis to uphold the adverse credibility determination. See Singh v. Gonzales, 439 F.3d 1100, 1105, 1108-09 (9th Cir.2006). Nevertheless, as long as one of the identified grounds underlying a negative credibility finding “is supported by substantial evidence and goes to the heart of [Tsoyi’s] claim of persecution, we are bound to accept the IJ’s adverse credibility finding.” Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir.2004) (internal quotation marks omitted).
Finally, Tsoyi’s due process claim lacks merit as, contrary to his contention on appeal, the record reflects that the IJ did in fact consider the document Tsoyi proffered as an amended hospital record, *605 but the IJ found that the document was not genuine and on this basis discredited its contents. See Almaghzar v. Gonzales, 457 F.3d 915, 921 (9th Cir.2006).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.