**Edson HYSENI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 04–72954.

United States Court of Appeals, Ninth Circuit.

Submitted July 7, 2009.*

Filed July 20, 2009.

Frank T. Morell, Esquire, Chula Vista, CA, for Petitioner.

Jeffrey Bernstein, Senior Litigation Counsel, Sheri Robyn Glaser, Trial, U.S. Department of Justice, Washington, DC, Michael Jack Haney, Esquire, Federal Deposit Insurance Corporation, Dallas, TX, CAS–District Counsel, . Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, FERNANDEZ and N.R. SMITH, Circuit Judges.

_____

* The panel unanimously finds this case suitable for decision without oral argument.    Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Edson Hyseni, a native and citizen of Albania, petitions for review of the Board of Immigration Appeals' denial of his application for asylum [1] and denial of voluntary departure.[2] We deny the petition in part and dismiss in part.[3]

■ (1) The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). When an asylum claim is involved, an alien must show either past persecution, or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir. 1996) (en banc).

The evidence before the IJ did not compel the conclusion that the attacks Hyseni complains of were by government agents or by people that the government was unable or unwilling to control. *See Elias–Zacarias*, 502 U.S. at 481 n. 1, 112 S.Ct. at 815 n. 1 (requiring that for us to reverse, evidence must "compel" contrary conclusion); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir.2004) (stating requirement of government action or action by those government is unable or unwilling to control). Lack of ability to control is not demon-strated by petitioner's dissatisfaction with an earlier police investigation,[4] especially where the current offense was not reported to the police and there is no showing of futility or risk of further abuse.[5]

Hyseni does not argue on appeal that he was entitled to asylum on the basis of religious belief, and has, therefore, waived that issue. *See Castro–Perez*, 409 F.3d at 1072; *Smith*, 194 F.3d at 1052. His claim that he may have been entitled to asylum on the basis of "social group" was not mentioned in his asylum application or before the IJ, and was not addressed by the BIA. His claim that he's entitled to asylum on the basis of membership in a particular social group (his family) is meritless. Having failed to show persecution on account of his (or his father's) political activities and opinions, he provided no evidence that he will be persecuted simply based on his family membership.

■ (2) Hyseni also appeals the BIA's denial of voluntary departure. In general, we lack jurisdiction over claims that the BIA erred in denying voluntary departure. *See* 8 U.S.C. § 1229c(f); *Kalilu v. Mukasey*, 548 F.3d 1215, 1217 n. 1 (9th Cir.2008) (per curiam). Hyseni has failed to demonstrate that this case is an exception to that rule.

Petition DENIED as to asylum and DISMISSED as to voluntary departure.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. 8 U.S.C. § 1158.

2. 8 U.S.C. § 1229c.

3. We note that Hyseni has not presented arguments on appeal regarding withholding of removal or relief under the Convention Against Torture. Thus, those issues are not properly before us. *See Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir.2005); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999).

4. *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir.2005).

5. *Ornelas–Chavez v. Gonzales*, 458 F.3d 1052, 1057–58 (9th Cir.2006).