Ahmed has waived any challenge to the IJ's dispositive decision to deny his motion to reopen as a matter of discretion by failing to raise any contentions regarding it. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996); *see also* 8 C.F.R. § 1003.23(b)(3) (IJ "has discretion to deny a motion to reopen even if the moving party has established a prima facie case for relief.").

Ahmed's due process claim is unavailing.

**PETITION FOR REVIEW DENIED.**

**Roberto JIMENEZ–HUERTA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–72635.

United States Court of Appeals, Ninth Circuit.

---

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Gary Finn, Esquire, Law Offices of Gary Finn, Indio, CA, for Petitioner.

Roberto Jimenez–Huerta, pro se.

Norah Ascoli Schwarz, Esquire, Linda S. Wendtland, Esquire, DOJ–U.S. Department of Justice, Washington, DC, CAS–District Counsel, Esquire, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Diego, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Roberto Jimenez–Huerta, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Jimenez–Huerta failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). We need not reach Jimenez–Huerta's challenge to the IJ's continuous physical presence determination because the agency's hardship determination is dispositive. *See* 8 U.S.C. § 1229b(b)(1).

We lack jurisdiction to consider Jimenez–Huerta's due process challenge because he failed to exhaust it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

We lack jurisdiction to consider Jimenez–Huerta's claim that the BIA improperly denied his request for voluntary departure. *See* 8 U.S.C. § 1229c(f); *Kalilu v. Mukasey,* 548 F.3d 1215, 1217 n. 1 (9th Cir.2008) (per curiam).

**PETITION FOR REVIEW DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

