**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RITTA MUTETERI,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-72327

Agency No. A098-525-989

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 12, 2011
San Francisco, California

Before: GOODWIN and PAEZ, Circuit Judges, and O'GRADY,[**] District Judge.

Ritta Muteteri appeals denial of her application for political asylum, and of

her petitions for withholding of removal and for relief under Article III of the

Convention Against Torture. The immigration judge (IJ) denied relief on the basis

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Liam O'Grady, U.S. District Judge for the Eastern
District Court of Virginia, sitting by designation.

of adverse credibility. Muteteri also appeals a finding that she filed a frivolous asylum application.

An adverse credibility determination must be supported by substantial evidence and is overturned only when any reasonable fact-finder would be compelled to do so. *Singh v. Holder*, __ F.3d __, 2011 WL 1127051, at *2 (9th Cir. 2011).

Muteteri submitted documents, including a medical record and a birth certificate that were significantly contradicted by her testimony. Substantial evidence does not compel this court to overturn the adverse credibility finding.

This court reviews de novo whether the IJ complied with the Board of Immigration Appeals' (BIA) procedural requirements for a frivolousness finding. *Yan Liu v. Holder*, __ F.3d __, 2011 WL 1651244, at *4 (9th Cir. 2011). Among those procedural requirements, an IJ must make a specific finding that the alien knowingly filed a frivolous application. *In re Y-L-*, 24 I. & N. Dec. 151, 155 (B.I.A. 2007). "[A]n asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20. The deliberate fabrication must be by the applicant. *Khadka v. Holder*, 618 F.3d 996, 1002 (9th Cir. 2010).

As the basis for frivolousness, the IJ found that Muteteri either knowingly submitted false documents, or she was lying when she said she was competent in

2

English and had carefully reviewed all documentation submitted. Merely lying about one's English proficiency or about having carefully reviewed documents submitted is not a deliberate fabrication of a material element of Muteteri's claims, and does not support a finding of frivolousness. Substantial evidence does not support that finding.

The IJ found Muteteri's asylum application frivolous before the BIA's opinion in *In re Y-L-* was filed. The matter is remanded to the BIA so that the question of a frivolous penalty can be reviewed in light of *In re Y-L-*. *Kalilu v. Mukasey*, 548 F.3d 1215, 1217 (9th Cir. 2008).

**PETITION DENIED IN PART, GRANTED IN PART, AND REMANDED**

Each party to bear it's own costs on appeal.