**NOT FOR PUBLICATION**

DEC 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

### UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMILCAR AGUILAR-NAVARRETE,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-70764<br><br>Agency No. A024-224-603<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2011[**]
Stanford, California

Before: KOZINSKI, Chief Judge, FARRIS, Circuit Judge, and GETTLEMAN,
Senior District Judge.[***]

We defer to an agency's permissible interpretation of a statute. *Chevron*

*U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984); *Contract*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert W. Gettleman, Senior United States District
Judge for the Northern District of Illinois, sitting by designation.

*Mgmt., Inc. v. Rumsfeld*, 434 F.3d 1145, 1147 (9th Cir. 2006). Congress gave the Attorney General authority to adjust the status of admitted and paroled aliens. 8 U.S.C. § 1255(a). The promulgation of 8 C.F.R. §§ 245.2 and 1245.2, delegating exclusive jurisdiction over the applications for adjustment of status by arriving aliens to the United States Citizenship and Immigration Services, is a permissible construction of statutory authority. *See Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1251 (11th Cir. 2008). Moreover, the amended regulations at 8 C.F.R. §§ 245.2 and 1245.2 allow arriving aliens to apply for adjustment of status before the USCIS. They do not eliminate "statutory eligibility for such relief." *Bona v. Gonzalez*, 425 F.3d 663, 670 (9th Cir. 2005).

Aguilar contends that the Board of Immigration Appeals violated his due process rights when it denied his request to remand his case to the Immigration Judge, where he could request procedural relief from removal orders while he pursued his application for adjustment of status with the USCIS. This issue is moot. The USCIS denied Aguilar's application for waiver of inadmissibility and ruled that he is ineligible to adjust status. This is not a live issue and we cannot fashion a form of meaningful relief. *Flint v. Dennison,* 488 F.3d 816, 823 (9th Cir. 2007).

As USCIS has already denied Aguilar's adjustment application, whether he is eligible for relief pursuant to *Kalilu v. Mukasey*, 548 F.3d 1215 (9th Cir. 2008), is moot.  *See Flint*, 488 F.3d at 823.

**DENIED.**