**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANNIEL KUSUMA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-75181

Agency No. A099-360-027

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Danniel Kusuma, a native and citizen of Indonesia, petitions for reivew of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision ("IJ") denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo due process claims, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Kusuma established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5). Accordingly, his claim for asylum, including humanitarian asylum, fails.

The record does not compel the conclusion that Kusuma's traffic accident involving a physical altercation was on account of his Chinese ethnicity or Christian religion. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). The record also does not compel the conclusion that Kusuma's other experiences, including the damage to his father's shop during the May 1998 riots, the stones thrown at his home during a prayer meeting, and the other harassment he suffered, rose to the level of persecution. *See Wakkary*, 558 F.3d at 1059-60 (being twice beaten and robbed, and accosted by a threatening mob did not compel a past persecution finding); *Hoxha v. Ashcroft*,

319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating did not compel finding of past persecution); *Singh v. INS*, 134 F.3d 962, 967–69 (9th Cir. 1998) (repeated stoning and vandalism of petitioner's home did not compel finding of past persecution). Further, the assault on Kusuma's sister does not establish persecution to Kusuma. *See Wakkary*, 558 F.3d at 1060. Thus, substantial evidence supports the BIA's determination that Kusuma did not establish past persecution.

Substantial evidence also supports the agency's determination that, even as a member of a disfavored group, Kusuma did not demonstrate sufficient individualized risk to establish a clear probability of future persecution. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence"). Further, the record does not compel the conculsion that there is a pattern or practice of persecution against ethnic Chinese Christians in Indonesia. *See Wakkary*, 558 F.3d at 1060-62. Accordingly, Kusuma's withholding of removal claim fails.

Substantial evidence supports the denial of CAT relief because Kusuma failed to establish it is more likely than not that he would be tortured by or with the acquiescence of the Indonesian government. *See id.* at 1067-68.

08-75181

Kusuma's due process contentions regarding the IJ's denial of a continuance and failure to admit a witness statement fail because he has not demonstrated the requisite prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring prejudice to prevail on a due process challenge).

Finally, we lack jurisdiction to review the denial of voluntary departure. *See* 8 U.S.C. § 1229c(f); *Kalilu v. Mukasey*, 548 F.3d 1215, 1217 n.1 (9th Cir. 2008) (per curiam).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**