**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMENUHI POGHOSYAN, | No. 07-73117 |
| Petitioner, | Agency No. A096-060-531 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2013[**]
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and GLEASON, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sharon L. Gleason, District Judge for the U.S. District
Court for the District of Alaska, sitting by designation.

Armenuhi Poghosyan petitions for review of the decision by the Board of Immigration Appeals (BIA) denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA affirmed the immigration judge's (IJ) denial of any relief because Poghosyan failed to establish a nexus to a protected ground. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we grant and remand the petition in part and dismiss the petition in part.

1.     Substantial evidence does not support the BIA's conclusion that Poghosyan failed to meet her burden of proof to show she was persecuted or had a well-founded fear of future persecution on account of the protected ground of a political opinion. As noted by the BIA, Poghosyan's persecution occurred in "two distinct time periods."

     A.     With regard to the first period (when Poghosyan's employer was government controlled), the BIA did not address the significance of the employer's threats to Poghosyan or Poghosyan's beating by the police that she received when she reported her employer's embezzlement. This was error. *See Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011) ("[W]here there is any indication that the BIA did not consider all of the evidence before it, . . . the decision cannot stand. Such indications include misstating the record and failing to mention highly

2

probative or potentially dispositive evidence."); *see also Arredondo v. Holder*, 623 F.3d 1317, 1320 (9th Cir. 2010) ("Based upon the BIA's failure to engage in a substantive analysis of its decision, we have no ability to conduct a meaningful review of its decision.").

B.    With regard to the second period (when Poghosyan's employer was privately controlled), the BIA did not have the benefit of our recent decision in *Antonyan v. Holder*, 642 F.3d 1250 (9th Cir. 2011).  There we concluded that a petitioner's whistle-blowing against a private person, which exposes crooked ties to corrupt law-enforcement agencies, constitutes a political opinion.  *Id*. at 1254-55.  Given Poghosyan's credible testimony regarding the interaction between the government agencies and the harm which occurred to her after she reported her employer's embezzlement, the BIA must reassess Poghosyan's claim of past persecution on account of the protected ground of political opinion.

While the severity of harm inflicted on Poghosyan during these two periods likely rises to the level of persecution, we remand the issues to the BIA for reconsideration to determine her eligibility for asylum and withholding of removal accepting Poghosyan's testimony as credible because the BIA did not address the issue in the first instance.  *See INS v. Ventura*, 537 U.S. 12, 17 (2002).

3

2. We lack jurisdiction over Poghosyan's CAT claim because she did not exhaust it with the BIA before filing her petition for review. *See* 8 U.S.C. § 1252(d)(1); *Kalilu v. Mukasey*, 548 F.3d 1215, 1216 n.1 (9th Cir. 2008) (per curiam).

3. The motion to withdraw as attorney of record is granted. The Clerk shall amend the docket to reflect that petitioner is appearing pro se, and her last known address is Armenuhi Poghosyan, 749 N. Ridgewood Place, Los Angeles, CA 90038.

The parties shall bear their own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**