**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LAKHWIR SINGH, AKA Gurjit Singh, | No. 11-70574 |
| Petitioner, | Agency No. A071-572-944 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2014**
Pasadena, California

Before: TASHIMA, W. FLETCHER, and BYBEE, Circuit Judges.

Petitioner Lakhwir Singh challenges the BIA's decisions to reopen his

proceedings and terminate his grant of asylum, and to deny his motion to remand

to the IJ so that he could seek adjustment of status. We review the BIA's decisions

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

on motions to reopen and remand for abuse of discretion. *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010). We dismiss the petition.

Petitioner argues that the BIA abused its discretion when it granted the government's motion to reopen his proceedings and terminate his grant of asylum. Because Petitioner did not oppose the government's motion to reopen during BIA proceedings, this court lacks jurisdiction over this unexhausted argument. *Arsdi v. Holder*, 659 F.3d 925, 930 (9th Cir. 2011).

Petitioner also contends that the BIA abused its discretion when it denied his motion to remand to the IJ so that he could seek to adjust his status. This issue is moot. Congress entrusted the power to adjust an arriving alien's status to USCIS. 8 C.F.R. § 1245.2(a)(1)(ii); *Mamigonian v. Biggs*, 710 F.3d 936, 945 (9th Cir. 2013). After the BIA denied his motion to remand, Petitioner applied to USCIS for adjustment of status, and USCIS denied his application. Because this court can no longer fashion meaningful relief, *see Aguilar-Navarette v. Holder*, 460 F. App'x 698, 698–99 (9th Cir. 2011), this petition for review is now moot.

**PETITION DISMISSED.**