**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 11 2017

FOR THE NINTH CIRCUIT

SEBINA SHAH,

    Petitioners,

v.

JEFFERSON B. SESSIONS III, Attorney General,

    Respondent.

No. 13-74104

Agency No. A099-042-212

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2017[**]
Pasadena, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and RICE,[***] Chief District Judge.

  Petitioner, Sebina Shah, native and citizen of Nepal, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  [***]  The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

Immigration Judge's ("IJ") decision denying her application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The BIA's determination that an applicant knowingly made a frivolous application for asylum is reviewed *de novo* for compliance with the BIA's four established procedural requirements. *Kulakchyan v. Holder*, 730 F.3d 993, 995 n.1 (9th Cir. 2013) (per curiam) (citing *Matter of Y- L-*, 24 I.&N. Dec. 151 (B.I.A. 2007)). We review the BIA's findings of fact for substantial evidence. *See id.* at 995.

Pursuant to 8 U.S.C. § 1158(d)(6), if "an alien has knowingly made a frivolous application for asylum" and has received appropriate notice under § 1158(d)(4), "the alien shall be permanently ineligible for any benefits" under the Immigration and Nationality Act ("INA"). Notice is adequate if the alien is advised "of the privilege of being represented by counsel and of the consequences . . . of knowingly filing a frivolous application." 8 U.S.C. § 1158(d)(4). An application is frivolous "if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20.

Petitioner essentially raises two challenges to the BIA's decision. First, Petitioner argues that the BIA's frivolousness determination cannot be sustained because she was not afforded the required procedural safeguards, including notice

and an opportunity to respond, and because she never testified to any false facts.

Second, Petitioner argues that she was denied a fair and full hearing because the IJ did not consider her I-601 waiver.

Here, the BIA determined that Petitioner was barred from adjustment of status because she filed a frivolous asylum application. Contrary to Petitioner's contentions, she received adequate notification on her asylum application of the consequences of filing a frivolous asylum application, pursuant to 8 U.S.C. § 1158(d)(4)(A), and was not denied an opportunity to explain the fraudulent information. *See* 8 U.S.C. § 1158(d)(6). The record supports that Petitioner signed her initial asylum application, which contained a warning that applicants who knowingly make a frivolous application for asylum "will be permanently ineligible for any benefits under the Immigration and Nationality Act." *See Cheema v. Holder*, 693 F.3d 1045, 1049-50 (9th Cir. 2012) (holding that "as a matter of law, the written advisals on the I-589 asylum application form provide applicants with adequate notice of the consequences of filing a frivolous asylum application").

Moreover, at her asylum interview, Petitioner re-signed the asylum application reaffirming the incorrect information, as well as a "Declaration of Applicant" that included the following statement: "I also understand that if I filed my asylum application on or after April 1, 1997, I may be forever barred from receiving any benefits under the Immigration and Nationality Act if I knowingly

3

made a frivolous application for asylum. A frivolous application for asylum is an application that contains deliberately fabricated statements." Shah's interpreter at the asylum interview also signed the document and stated, "I certify that I am qualified to act as an Interpreter and that I have read the Declaration of Applicant to the individual named above. She stated that she understood me." *See Kulakchyan*, 730 F.3d at 995 (holding that the standard warning is sufficient when it is provided in a language the applicant understands). Thus, there was substantial evidence to support the IJ's and BIA's finding that Petitioner received the required warnings.

At a hearing in September of 2012, Petitioner admitted that the contents of her asylum application were false and that she "swore to tell the truth" during the asylum interview. Petitioner testified that she only corrected the 2002 date of entry, and acknowledged that the information regarding her claimed reentry in 2005 that she provided to the asylum officer under oath was false. Therefore, substantial evidence also supports the IJ's and BIA's determination that Petitioner deliberately and knowingly fabricated a material element of her asylum application. *See Kulakchyan*, 730 F.3d at 995–96 (citing *Kalilu v. Mukasey*, 548 F.3d 1215, 1217 n.2 (9th Cir. 2008)) (stating that date of entry falsification is a material element).

Petitioner's argument that the IJ erred by not considering her I-601 waiver, which Petitioner intimates may have excused her frivolous asylum application, also

4

fails because a frivolousness finding operates as a complete bar to relief under the INA. *See* 8 U.S.C. § 1158(d)(6); *Kulakchyan,* 730 F.3d at 995–96.

Because Petitioner filed a frivolous asylum application, the BIA properly found her ineligible for adjustment of status. *See* 8 U.S.C. § 1158(d)(6). We uphold the BIA's finding of frivolousness.

**PETITION DENIED.**