**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 10 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| URVANO RUIZ-SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 21-1328<br><br>Agency No.<br>A093-492-459<br><br>MEMORANDUM[*] |
| URVANO RUIZ-SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1388<br><br>Agency No.<br>A093-492-459 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 23, 2024[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Portland, Oregon

Before:  WALLACH, CHRISTEN, and HURWITZ, Circuit Judges.***

Urvano Ruiz-Sanchez, a native and citizen of Mexico who has lived in the United States since 1980, petitions for review of two Board of Immigration Appeals (BIA) decisions.  The first decision dismissed Ruiz-Sanchez's appeal of an order from an Immigration Judge (IJ) denying his applications for withholding of removal and protection under the Convention Against Torture.  The second BIA decision dismissed Ruiz-Sanchez's motion to reconsider the finding of removability.  We have jurisdiction under 8 U.S.C. § 1252(a).  We review the agency's legal conclusions de novo and factual findings for substantial evidence.  *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).  As the parties are familiar with the facts, we do not recount them here.  We grant the petition.

In 2018, Ruiz-Sanchez was convicted of possession of a controlled substance with intent to deliver, in violation of Idaho Code § 37-2732(a).  The Department of Homeland Security (DHS) then initiated removal proceedings against Ruiz-Sanchez by sending him a Notice to Appear (NTA) that lacked date and time information.  After an IJ found him removable, Ruiz-Sanchez argued for the first time on appeal to the BIA that the absence of the date and time for his

***    The Honorable Evan J. Wallach, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

hearing on the initial NTA required termination of the proceedings. Ruiz-Sanchez argued termination was warranted both because the statutorily defective NTA deprived the immigration court of subject matter jurisdiction, and because it violated the claim-processing rule in 8 U.S.C. § 1229(a)(1).

The BIA correctly concluded that a statutorily deficient NTA does not deprive the immigration court of subject matter jurisdiction. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190–94 (9th Cir. 2022) (en banc).[1] But the BIA did not address Ruiz-Sanchez's claim-processing argument. For that reason, we cannot address it in the first instance. *See Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) ("Our review is limited to those grounds explicitly relied upon by the Board."); *Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc).

We also "remand a case to an agency for decision of a matter that statutes place primarily in agency hands," so that "[t]he agency can bring its expertise to bear upon the matter." *INS v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002); *see also Kalilu v. Mukasey*, 548 F.3d 1215, 1217 (9th Cir. 2008) (remanding to the

---

[1] Although the en banc decision in *Bastide-Hernandez* issued after the BIA's November 15, 2021 ruling, the BIA's reasoning aligned with this holding, and it cited to consistent statements in *United States v. Bastide-Hernandez*, 986 F.3d 1245, 1248 (9th Cir. 2021) (vacated) and *Aguilar Fermin v. Barr*, 958 F.3d 887, 893–95 (9th Cir. 2020).

BIA to consider in the first instance the impact of subsequently issued BIA standards). In *Matter of Fernandes*, the BIA recognized that the time and place requirement in 8 U.S.C. § 1229(a)(1) is a mandatory claim-processing rule, which if raised in a timely objection, must be enforced. 28 I. & N. Dec. 605, 608 (BIA 2022). Recent Ninth Circuit and Supreme Court authority is consistent with *Fernandes*. *See Campos-Chaves v. Garland*, 144 S. Ct. 1637, 1649 (2024) (recognizing that initial NTAs lacking time and place information fail to satisfy 8 U.S.C. § 1229(a)(1)); *id.* at 1651 (describing the importance of this statutory requirement and the process to "raise issues regarding incomplete notice"); *Bastide-Hernandez*, 39 F.4th at 1193 n.9 (noting that "the supplement of a notice of hearing would not cure any NTA deficiencies under § 1229(a)"). We therefore grant the petition for review and remand for the BIA to consider in the first instance whether Ruiz-Sanchez's objection to the NTA was timely, and if so, to address its merits in light of *Fernandes*, *Bastide-Hernandez*, and *Campos-Chaves*. *See Suate-Orellana v. Garland*, 101 F.4th 624, 632 (9th Cir. 2024).[2]

**GRANTED.**

---

[2]     We deny Ruiz-Sanchez's motion for judicial notice because it relates to the removability issue. Dkt. No. 36 in 21-1328; Dkt. No. 14 in 22-1388. Ruiz-Sanchez's removability argument is foreclosed by *Tellez-Ramirez v. Garland*, 87 F.4th 424 (9th Cir. 2023), which affirmed removability for an aggravated felony based on a conviction for Idaho Code § 37-2732(a)(1)—the same offense at issue in this case.