**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3376
_____

MARIA ROSA CAGUANA DUCHI,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-495-941)
Immigration Judge: Henry S. Dogin
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 26, 2026

Before: PORTER, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed: March 27, 2026)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

Maria Rosa Caguana Duchi petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to sua sponte reopen her immigration proceedings. We will dismiss the petition for lack of jurisdiction.

**I**

Caguana is a native and citizen of Ecuador who entered the United States in or about 1995 without inspection. In 2006, she was issued a Notice to Appear and placed in removal proceedings. In 2007, an Immigration Judge ordered her removed, and the BIA dismissed her appeal in 2008.

In 2023, Caguana's U.S.-citizen daughter obtained approval of a Form I-130 petition that established Caguana as a qualifying relative for purposes of future immigration proceedings. That same year, based on the approved Form I-130, Caguana filed a motion for the BIA to sua sponte reopen her immigration proceedings so she could pursue adjustment of status from the United States Citizenship and Immigration Services ("USCIS"). The BIA denied her motion, stating that the motion was untimely and that Caguana did not demonstrate exceptional circumstances that would warrant the exercise of the BIA's authority to sua sponte reopen the proceedings. Caguana timely petitioned for review of the BIA's order.

## II[1]

A motion for the BIA to reopen immigration proceedings "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2); 8 U.S.C. § 1229a(c)(7)(C)(i). After that window closes, the BIA has discretion to reopen a case in "exceptional situations." *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 474 (3d Cir. 2003) (quoting *In re J-J-*, 21 I. & N. Dec. 976 (BIA 1997)); 8 C.F.R. § 1003.2(a). Because the BIA retains "unfettered discretion" even in exceptional situations, we generally do not have jurisdiction to review the BIA's exercise of that discretion. *Chehazeh v. Att'y Gen.*, 666 F.3d 118, 129 (3d Cir. 2012) (quoting *Calle-Vujiles*, 320 F.3d at 475).

There are two exceptions to this general rule. First, we have jurisdiction to review orders denying motions to reopen where "the BIA has limited its discretion via a policy, rule, settled course of adjudication, or by some other method, such that the BIA's discretion can be meaningfully reviewed for abuse." *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 653 (3d Cir. 2017). But to confer jurisdiction under this "settled course exception," the limitation must be "clearly defined" and "tailored to the petitioner's circumstances." *Id.* Second, we have jurisdiction to review orders denying motions to reopen where the BIA's decision "relies on an incorrect legal premise." *Id.* at 651.

---

[1] The BIA had jurisdiction over the motion to reopen pursuant to 8 C.F.R. § 1003.2(a). Although we determine we do not have jurisdiction over this petition for review, we "always have jurisdiction to determine our own jurisdiction." *Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 131 (3d Cir. 2019) (citation modified).

Caguana argues that both exceptions apply here. Neither does.

Caguana had 90 days to file a timely motion to reopen after her immigration proceedings were closed in 2008. 8 U.S.C. § 1003.2(c)(2). She filed her motion to reopen 15 years later. Thus, to qualify for the first exception, she would need to show that the BIA has a settled course of limiting its discretion over untimely motions to reopen when those motions are based on noncitizens' becoming potentially eligible to adjust status. But she points mostly to BIA orders that grant continuances of removal proceedings or that grant *timely* motions to reopen.[2] These circumstances are not "tailored appropriately to h[er] situation." *Sang Goo Park*, 846 F.3d at 654.

Caguana does cite one unpublished decision in which the BIA granted an untimely motion to reopen: *In re Dirav Dolatbhai Patel,* AXXX XX3 819, 2017 WL 4946915 (BIA Sept. 15, 2017). But the noncitizen in that case had an *approved* visa from USCIS, whereas Caguana does not. In any event, "one favorable exercise of discretion does not a settled course make." *Sang Goo Park*, 846 F.3d at 654.

Caguana's incorrect-legal-premise argument is also unavailing. The BIA recognized its discretionary authority to reopen the proceedings, and it explained that it would not exercise that discretion because Caguana's situation was not exceptional. A.R. 4 ("Becoming potentially eligible to adjust status many years after the expiration of the 90-day time limitation on reopening is not an exceptional situation."). That was not a

---

[2] Similarly, Caguna points to a statement in the Federal Register that pertains to motions filed "in the course of a deportation hearing," 71 Fed. Reg. 27585-01, 27589 (May 12, 2006), not after the hearing and its appeal have concluded.

4

legal determination. *See Darby v. Att'y Gen.*, 1 F.4th 151, 164–65 (3d Cir. 2021) (concluding that the BIA made no legal determination when it reasoned that "[b]ecoming potentially eligible for relief after a final administrative decision has been entered is not a rare or exceptional circumstance and does not, in itself, constitute an exceptional situation warranting consideration of an untimely motion to reopen" (citation omitted)). And "[w]here there is no legal determination, there is no legal error." *Id.* at 165.

Caguana also asserts that the BIA's decision amounts to legal error because it prevents her from exercising her statutory opportunity to apply to USCIS for adjustment of status. She primarily relies on *Ceta v. Mukasey*, 535 F.3d 639 (7th Cir. 2008). There, a noncitizen became eligible to adjust his status with USCIS during the pendency of his removal proceedings. The Seventh Circuit determined that it had jurisdiction to review the BIA's denial of his motion for a continuance, which effectively denied the noncitizen his statutory right to apply for an adjustment of status because the removal proceedings would end before he could pursue his application before USCIS. *Id.* at 646. Unlike the petitioner in *Ceta*, the basis for Caguana's potential adjustment of status did not arise during her removal proceedings, or even within the 90-day window to file a motion to reopen. *See Kalilu v. Mukasey*, 548 F.3d 1215, 1218 (9th Cir. 2008) (granting petition for review where BIA denied an apparently timely motion to reopen to allow noncitizen to seek adjustment of status); *Subhan v. Ashcroft*, 383 F.3d 591, 595 (7th Cir. 2004) (vacating denial of motion for continuance to allow noncitizen to seek adjustment of status). Rather, it arose fifteen years later. And during those fifteen years, Caguana remained in the country despite her final order of removal. Therefore, even if we were to

5

adopt the Seventh Circuit's approach in *Ceta*, it would not apply to Caguana's circumstances.

*    *    *

For the foregoing reasons, we will dismiss the petition for review.[3]

---

[3] Caguana's motion to file her supplemental brief out of time is granted.