**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALDEV SINGH MANHANI,<br>*Petitioner,*<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br>*Respondent.* | No. 17-72231<br><br>Agency No.<br>A097-545-859<br><br>OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2019[*]
Seattle, Washington

Filed November 25, 2019

Before: Richard R. Clifton and Sandra S. Ikuta, Circuit
Judges, and Jed S. Rakoff,[**] District Judge.

Opinion by Judge Clifton

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

SUMMARY***

**Immigration**

The panel denied Baldev Singh Manhani's petition for review of a decision of the Board of Immigration Appeals denying a waiver of deportation under 8 U.S.C. § 1227(a)(1)(H), based on the frivolous asylum application bar at 8 U.S.C. § 1158(d)(6), holding that the bar precludes an applicant from receiving all benefits under the Immigration and Nationality Act.

Section 1158(d)(6) states that if the Attorney General determines that an alien has knowingly made a frivolous application for asylum and the alien has received the notice under paragraph (4)(A), the alien shall be permanently ineligible for any benefits under this chapter.

Manhani argued that the Immigration Judge's uncontested finding that he filed a frivolous asylum application did not bar him from receiving a waiver under § 1158(d)(6) because the bar applied to asylum benefits only. The panel disagreed. In light of the plain language of the Act, this circuit's precedent, and that of other circuits, the panel concluded that the phrase "under this chapter" refers to Chapter 12 of Title 8 of the U.S. Code (the INA), the chapter in which the section is found. The panel rejected Manhani's contention that the phrase applied to only the subchapter or section containing the frivolous asylum bar. The panel therefore held that, as a result of the frivolous asylum application finding, Manhani is

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

barred from receiving all benefits under the INA, including a waiver of deportation.

## COUNSEL

Cornell Kirby, Seattle, Washington, for Petitioner.

Laura Halliday Hickein, Trial Attorney; Shelley R. Goad, Assistant Director; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

CLIFTON, Circuit Judge:

Baldev Singh Manhani petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying him a waiver of deportation under the Immigration and Nationality Act ("INA") § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H). Manhani argues that the Immigration Judge's ("IJ") uncontested finding that he filed a frivolous asylum application does not bar him from receiving such a waiver under INA § 208(d)(6), 8 U.S.C. § 1158(d)(6). We disagree.

Section 1158(d)(6) states:

> If the Attorney General determines that an alien has knowingly made a frivolous application for asylum and the alien has received the notice under paragraph (4)(A),

> the alien shall be permanently ineligible for
> any benefits under this chapter, effective as of
> the date of a final determination on such
> application.

INA § 208(d)(6), 8 U.S.C. § 1158(d)(6). Manhani does not
contest the IJ's finding that he knowingly filed a frivolous
asylum application. Rather, he contends that filing a frivolous
asylum application renders him ineligible for asylum benefits
only, not all immigration benefits. This case thus raises the
question of the meaning of the phrase "this chapter" in
§ 1158(d)(6). We conclude that "this chapter" refers to
Chapter 12 of Title 8 of the U.S. Code, the chapter in which
the section is found. Therefore, as a result of the frivolous
asylum application finding, Manhani is barred from receiving
all benefits under the INA, including a waiver of deportation.
Accordingly, we deny the petition for review.

## I.   Background

Baldev Singh Manhani is a native and citizen of India
who first entered the United States in 1998. In 1999, Manhani
filed an asylum application under a false name, "Sukhdev
Singh," and a false date of birth. In 2002, Manhani withdrew
this application and was granted voluntary departure by an IJ.
Manhani then entered Canada and filed a Canadian asylum
application under his real name. This application contained
different facts from those listed in the 1999 U.S. application.
The Canadian asylum application was denied in 2003.

In 2004, Manhani again entered the United States and was
stopped by immigration officials. The former Immigration
and Naturalization Service issued him a notice to appear
charging him with removability under INA § 212(a)(6)(A)(i),

8 U.S.C. § 1182(a)(6)(A)(i). Manhani submitted a second U.S. asylum application at this time, using his real name, but omitting any reference to his previous U.S. asylum application under the name "Sukhdev Singh." Based on this second application, Manhani was granted asylum in 2005, and became a lawful permanent resident in 2008.

In 2013, Manhani provided his legal permanent resident card to U.S. immigration officials at the Canadian border. At the time, there was a "lookout" in the computer system noting that the information for Manhani matched that of "Sukhdev Singh." In the sworn interview that followed, Manhani admitted to submitting the false 1999 asylum application. DHS then issued a notice to appear charging Manhani with removal under INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i). DHS later amended the charge to removal under INA § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A), INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), and INA § 212(a)(7)(A)(i), 8 U.S.C. § 1182(a)(7)(A)(i).

In 2016, the IJ issued a written decision finding that Manhani filed a frivolous asylum application and holding that he was thus barred from receiving benefits under the INA. On appeal, the BIA adopted and affirmed the IJ's decision. The BIA wrote that Manhani had not meaningfully contested either his removability or the IJ's determination that he filed a frivolous asylum application and held those issues to be waived. The BIA only addressed the issue of whether the frivolous asylum application finding precluded Manhani from seeking a § 1227(a)(1)(H) waiver, and concluded that, under § 1158(d)(6), Manhani was permanently ineligible for "any benefit under the Act." Manhani filed this petition for review in August 2017.

## II.    Discussion

Section 1158(d)(6) states that "[i]f the Attorney General determines that an alien has knowingly made a frivolous application for asylum . . .  the alien shall be permanently ineligible for any benefits under this chapter." INA § 208(d)(6), 8 U.S.C. § 1158(d)(6). Manhani contends that the phrase "this chapter" in § 1158(d)(6) refers to something other than Chapter 12 of Title 8 of the U.S. Code, the chapter in which the section is found. We are not persuaded by this argument, as the plain language of the Act, our precedent, and that of other circuits do not support it.

The provision in question is found in Part I (Selection System) of Subchapter II (Immigration) of Chapter 12 (Immigration and Nationality) of Title 8 (Aliens and Nationality) of the U.S. Code. The INA covers all of Chapter 12 of Title 8 of the U.S. Code, running from section 1101 to section 1537. INA, 8 U.S.C. §§ 1101–1537. The phrase "this chapter" most clearly refers to a chapter level division, rather than a subchapter or section level one. Thus, the organization of the Code demonstrates that "this chapter" refers to all of Chapter 12 and consequently the entirety of the INA.

This court has consistently interpreted the phrase "this chapter" in the INA to refer to Chapter 12 of Title 8 of the U.S. Code. For example, in interpreting 8 U.S.C. § 1231(a)(5), which states "the alien is not eligible and may not apply for any relief under this chapter," we noted that "'this chapter' refers to chapter 12 of title 8 of the U.S. Code." *See Perez-Guzman v. Lynch*, 835 F.3d 1066, 1072 (9th Cir. 2016). Similarly, in reading 8 U.S.C. § 1101(b) which states "[a]s used in subchapters I and II of this

chapter," this court altered the quotation to read "[a]s used in subchapters I and II of this chapter [i.e., chapter 12]." *See Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir. 2002) (last formatting change in original).

More specifically, we have consistently read the phrase "this chapter" in § 1158(d)(6) as referring to Chapter 12 of Title 8 in its entirety. This court has noted that a "determination that an applicant filed a frivolous asylum application renders the applicant permanently ineligible for immigration relief." *Kalilu v. Mukasey*, 548 F.3d 1215, 1217 (9th Cir. 2008) (per curiam). Likewise, we have previously upheld a BIA determination that a frivolous asylum application created a statutory bar against a petitioner receiving an adjustment of status or a § 212(I) waiver. *See Kulakchyan v. Holder,* 730 F.3d 993, 995 (9th Cir. 2013) (per curiam). These decisions demonstrate that the phrase "this chapter" refers to Chapter 12 in its entirety, and that a frivolous asylum application finding bars a petitioner from receiving all benefits under the chapter.

Finally, other circuits have also consistently followed this understanding. Multiple circuits have read the phrase "this chapter" in other sections of the INA, notably § 1231(a)(5), to refer to Chapter 12 of Title 8 of the U.S. Code. *See, e.g., Garcia v. Sessions*, 856 F.3d 27, 32 (1st Cir. 2017), *cert. denied*, 138 S. Ct. 2652 (2018) (replacing the words "this chapter" in § 1231(a)(5) with "chapter 12 Title 8 of the U.S. Code"); *Cazun v. Atty. Gen. U.S.*, 856 F.3d 249, 254 (3d Cir. 2017), *cert. denied sub nom. Cazun v. Sessions*, 138 S. Ct. 2648 (2018) (stating that "this chapter" in § 1231(a)(5) "refers to Chapter 12 of Title 8 of the U.S. Code"); *Mejia v. Sessions*, 866 F.3d 573, 580 (4th Cir. 2017) (replacing the words "this chapter" in § 1231(a)(5) with "Chapter 12 of Title

8"). Other circuits have also specifically read the phrase "this chapter" in § 1158(d)(6) to refer to Chapter 12 in its entirety, with the result that a frivolous asylum application finding leads to a bar on all immigration benefits. *See, e.g., Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 112 (2d Cir. 2006) ("[A] final decision that an asylum application is frivolous permanently forecloses the petitioner from all benefits under the immigration laws of this country."); *Muhanna v. Gonzales,* 399 F.3d 582, 588 (3d Cir. 2005) (noting that 8 U.S.C. § 1158 (d)(6) renders an alien "'ineligible for any benefits' under the immigration laws"); *Scheerer v. U.S. Atty. Gen.,* 445 F.3d 1311, 1317 (11th Cir. 2006) (stating that if an alien knowingly files a frivolous application the alien is "permanently ineligible to receive immigration benefits"); *Alexandrov v. Gonzales,* 442 F.3d 395, 397 n. 1 (6th Cir. 2006) ("A finding of frivolousness is commonly referred to as the 'death sentence' of immigration proceedings.").

Given the plain language of the Code, our precedent, and that of other circuits it is clear that the phrase "this chapter," as used in § 1158(d)(6), refers to Chapter 12 of Title 8 of the U.S. Code. Consequently, the IJ's unchallenged determination that Manhani filed a frivolous asylum application renders him ineligible for all immigration benefits under Chapter 12. Chapter 12 covers five subchapters, including Subchapter II (Immigration), which contains § 1227(a)(1)(H). Thus, Manhani is ineligible for a waiver of removal under § 1127(a)(1)(H).

## III. Conclusion

The petition for review is denied. Under § 1158(d)(6), a finding that a petitioner filed a frivolous application makes that person ineligible for all benefits under Chapter 12 of

Title 8 of the U.S. Code. The IJ determined that Manhani filed such an application, and he is therefore barred from receiving a waiver of deportation.

**PETITION DENIED.**