**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIUQIN YAN, | No.   20-71630 |
| Petitioner, | Agency No. A200-781-003 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2023**

Before:     BENNETT, MILLER, and VANDYKE, Circuit Judges.

Xiuqin Yan, native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the BIA's denial of a motion to reopen.  *Bonilla v. Lynch*,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

840 F.3d 575, 581 (9th Cir. 2016).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Yan's motion to reopen as untimely where it was filed more than three years after the final removal order, and Yan has not established that any statutory or regulatory exception applies.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of the final removal order); 8 C.F.R. § 1003.2(c)(2) (listing exceptions).

Our jurisdiction to review the BIA's denial of a motion to reopen sua sponte is limited to determining whether the BIA based its decision on legal or constitutional error.  *See Bonilla*, 840 F.3d at 581-82.  Yan has not shown any legal error underlying the BIA's determination that she is ineligible for any benefits under the Immigration and Nationality Act, including adjustment of status, where she was found to have filed a frivolous application for asylum.  *See* 8 U.S.C. § 1158(d)(6); *see also Manhani v. Barr*, 942 F.3d 1176, 1178 (9th Cir. 2019) ("[A] determination that an applicant filed a frivolous asylum application renders the applicant permanently ineligible for immigration relief.") (citation and internal quotation marks omitted).  We lack jurisdiction to consider Yan's remaining contentions as to the BIA's denial of sua sponte reopening.  *See Bonilla*, 840 F.3d at 588.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.