**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KALAM ULLAH,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 22-989

Agency No.
A075-653-618

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2023**
San Francisco, California

Before: FORREST and MENDOZA, Circuit Judges, and OLIVER, Senior District
Judge.***

      Petitioner Mohammed Sayedul Hoq, also known as Kalam Ullah, is a native

---

     *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     ***    The Honorable Solomon Oliver Jr., United States Senior District
Judge for the Northern District of Ohio, sitting by designation.

and citizen of Bangladesh. He petitions for review of a Board of Immigration Appeals ("BIA") decision denying his motion to reopen his removal proceedings as inexcusably untimely. We have jurisdiction under 8 U.S.C. § 1252 and "review the BIA's denial of a motion to reopen for abuse of discretion." *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). We deny the petition for review.

Motions to reopen proceedings must be filed within 90 days of the final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). Mr. Hoq's motion is approximately four years too late. But he contends that there is an applicable exception to that timeliness bar: changed conditions in the country to which removal has been ordered. *Id.* at § 1229a(c)(7)(C)(ii); *see also Agonafer*, 859 F.3d at 1203–04 ("[T]he ninety-day deadline . . . do[es] not apply if the motion to reopen is based on changed country conditions."). To qualify for this exception, Mr. Hoq must produce previously unavailable, material evidence of changed conditions that, when considered with the evidence presented at the original hearing, would establish prima facie eligibility for the relief he seeks. *See Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021). Mr. Hoq has not made this showing.

First, the BIA did not err when it found that Mr. Hoq is statutorily ineligible for asylum benefits. "Under 8 U.S.C. § 1158(d)(6), an asylum applicant who is determined to have knowingly filed a frivolous application is permanently ineligible for immigration benefits." *Cheema v. Holder*, 693 F.3d 1045, 1046 (9th

Cir. 2012); *see also Kalilu v. Mukasey*, 548 F.3d 1215, 1217 (9th Cir. 2008) (per curiam) (same).  As we recently affirmed, Mr. Hoq previously filed a "frivolous asylum application" under "the fictitious name Kalam Ullah."  *See Ullah v. Barr*, 793 F. App'x 551, 552 (9th Cir. 2020), *amended and superseded by Ullah v. Barr*, 812 F. App'x 449 (9th Cir. 2020).  Thus, Mr. Hoq's prior application rendered him "ineligible for all immigration benefits under Chapter 12."  *Manhani v. Barr*, 942 F.3d 1176, 1179 (9th Cir. 2019).

Second, substantial evidence supports the BIA's determination that conditions have not materially changed in Bangladesh, which might excuse Mr. Hoq's untimely motion.  Mr. Hoq contends that his refusal to work with a corrupt Bangladeshi businessman, his exposure of that businessman's unlawful dealings, and the threats that he and his family have received as a result are evidence of changed country conditions.  But as we have explained, personal-circumstance changes "are only relevant where [they] are related to the changed country conditions that form the basis for the motion to reopen."  *Rodriguez v. Garland*, 990 F.3d 1205, 1209–10 (9th Cir. 2021); *see also id.* ("General references to 'continuing' or 'remaining' problems is not evidence of a change in a country's conditions." (emphasis omitted)).  The BIA properly determined that Mr. Hoq primarily relied on evidence of political violence in Bangladesh from 1993 and 2010–17.  This evidence does not demonstrate any relevant changes that have

occurred since the removal order was issued that might warrant reopening, and his evidence of changed personal circumstances in this case does not inform the general conditions in Bangladesh.

Third, Mr. Hoq's two new arguments—that the 2018 Bangladeshi elections were unfair and his family is a particular social group—were not raised before the BIA. The government has preserved the exhaustion issue, and we decline to reach these arguments. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023) (reasoning that 8 U.S.C. § 1252(d)(1) is a claim-processing rule).

**PETITION DENIED.**